**Linda STEWART, Appellant,**

v.

**TEXAS LOTTERY COMMISSION and Maverick Markets, Inc., Appellees.**

**No. 13–97–126–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 20, 1998.

Bob J. Spann, Bob J. Spann & Associates, Corpus Christi, for Appellant.

William A. Abernethy, Carlos A. Mattioli, Clay E. Coalson, Meredith, Donnell & Abernethy, Corpus Christi, Dewey E. Helmcamp, Assistant Attorney General, Austin, for Appellee.

Before SEERDEN, C.J., and HINOJOSA, and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

This is an appeal from a summary judgment granted in favor of the Texas Lottery Commission (the "Commission") and Maverick Markets Inc. (the "Market"), collectively, appellees. Appellant, Linda Stewart, challenges the judgment by four points of error. We affirm.

### FACTUAL BACKGROUND

Stewart claims to have completed two play slips for numbers for the August 7, 1993 lottery, at a Maverick Market Store in Corpus Christi, Texas. On one play slip Stewart marked the numbers 07–22–39–2–15–49 and on the other, she marked 04–15–31–33–40–45. She handed the play slips and two dollars to the store clerk. In return, Stewart received back the play slips and two lottery tickets, which she placed in her purse without verifying the numbers on the tickets coincided with those on the play slips. Upon returning home, Stewart placed the tickets and play slips in a drawer, again without verifying her selections.

Two weeks after the August 7 drawing, Stewart found the tickets and decided to verify the winning numbers. Stewart discovered the winning numbers were 04–15–31–33–40–45. She checked these numbers against the play slips and believed she was the winner of a $19,000,000 jackpot. When she looked at her lottery tickets, Stewart discovered she had one ticket showing the numbers 07–22–39–2–15–49. What she alleges was supposed to be the winning ticket, however, was marked "Test Ticket" and showed no numbers. Stewart then attempted to collect the jackpot from the Commission. Without a lottery ticket to support her claim, the Commission refused to acknowledge her as a winner.

Stewart brought this suit alleging claims of debt, breach of contract, breach of implied warranty, negligence, the doctrine of *res ipsa loquitur*, and legal fraud. The Commission responded and pleaded sovereign immunity. The Market responded and pleaded Stewart's damages were caused by her contributory negligence, her actions were the sole proximate cause of damages, and the affirmative defenses of waiver and estoppel. In addition, the Market pleaded the following statutory defenses: TEX. GOV'T CODE ANN. § 466.252(a) and 16 TEX. ADMIN. CODE §§ 401.304, 401.305. Appellees then moved for, and were granted, summary judgment. This cause of action was severed from that against another defendant who is not party to this appeal.

### SCOPE AND STANDARD OF REVIEW

■ The proper inquiry on appeal is whether the defendant, in seeking summary judgment, fulfilled his initial burden to: 1) establish as a matter of law that there remains no genuine issue of material fact as to one or more essential elements of the plaintiff's cause of action, or 2) establish his affirmative defense to the plaintiff's cause of action as a matter of law. *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true. *Nixon,* 690 S.W.2d at 549. Every reasonable inference must be indulged in fa-

vor of the non-movant and any doubts resolved in his favor. *Id.*

██ Any issue which the non-movant claims would justify denying summary judgment must be included in the response. *McConnell v. Southside Indep. Sch. Dist.* 858 S.W.2d 337, 341 (Tex.1993). An appellate court cannot reverse a summary judgment based on an issue not presented to the trial court. *State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex.1986); *Amoroso v. Aldine Indep. Sch. Dist.*, 808 S.W.2d 118, 122 (Tex.App.—Houston [1st Dist.] 1991, writ denied). Even constitutional challenges that were not presented in the trial court cannot be the grounds of reversal of a summary judgment on appeal. *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex.1986); *Amoroso*, 808 S.W.2d at 122.

## CONSTITUTIONAL CLAIMS

██ For the first time on appeal, Stewart contends the relevant sections of the Texas Administrative Code violate her U.S. and Texas constitutional rights. As these issues were not raised before the trial court in the response to the motion for summary judgment and we may not reverse on these grounds, we will not review the complaints. We overrule Stewart's constitutional claims.

## THE COMMISSION

██ The Commission, a state agency, moved for summary judgment on the grounds of sovereign immunity. Stewart argues that by purchasing a lottery ticket, she had a contractual relationship with the Commission. Because of the contract, the Commission made itself amenable to answer lawsuits. We disagree.

Texas courts differentiate between two distinct sovereign immunities. *Missouri Pacific R.R. Co. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970); *Green Int'l, Inc. v. State*, 877 S.W.2d 428, 432 (Tex. App.—Austin 1994, writ dism'd). First, government entities have immunity from suit without consent even though there is no question as to the liability of the sovereign. *Missouri Pacific R.R.*, 453 S.W.2d at 813; *Green Int'l*, 877 S.W.2d at 432. Under this immunity, a governmental entity may not be sued unless the state has given express permission for such an action. *Missouri Pacific R.R.*, 453 S.W.2d at 813; *Green Int'l*, 877 S.W.2d at 432.

The second type of immunity bars the state's liability even when consent to sue has been given. *Missouri Pacific R.R.*, 453 S.W.2d at 813; *Green Int'l*, 877 S.W.2d at 432. The state waives its liability immunity, however, when it enters into a contract with a citizen. *Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 408 (Tex.1997). Nevertheless, a private citizen must have legislative consent to sue the State on a breach of contract claim. *Id.* The act of contracting does not waive the State's immunity from suit. *Id.*

In this case, the legislature has not given its permission to be sued by statute, and Stewart has not established the State expressly consented to be sued in any other manner. Thus, the Commission was entitled to summary judgment as a matter of law. We overrule Stewart's first and second points of error.

## THE MARKET

██ The Market moved for summary judgment on the grounds that it had no legal duty to review and verify lottery tickets and that there was no breach of contract as its obligations under a contract were discharged when Stewart accepted the ticket. Stewart contends Market employees should have warned her of the need to check the lottery tickets.

██ The existence of a legally cognizable duty is a prerequisite to all tort liability. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1991). Whether a legal duty exists under a given set of facts is a question of law. *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex.1994).

██ In Texas, the law recognizes that there is no duty to inform others of the requirements of the law because all persons are presumed to know the law. *Greater Houston Transp. Co.*, 801 S.W.2d at 525 n. 3. No exception to this presumption has been placed in issue. *See Safety Cas. Co. v.*

*McGee*, 133 Tex. 233, 127 S.W.2d 176, 178 (1939) (exceptions are misrepresentation of the law by one with knowledge, taking advantage of a person's ignorance of the law, and reliance on one's superior knowledge of the law as well as that person's statement that an attorney is not necessary). Thus, Stewart is presumed to know the laws related to the lottery.

The relevant provision of the government code provides:

§ 466.252. **Purchase of Ticket Agreement to Abide by Rules**

(a) By purchasing a ticket in a particular lottery game, a player agrees to abide by and be bound by the commission's rules, including the rules applicable to the particular lottery game involved. The player also acknowledges that the determination of whether the player is a valid winner is subject to:

(1) the commission's rules and claims procedures, including those developed for the particular lottery game involved; and

(2) any validation tests established by the commission for the particular lottery game involved.

(b) If the lottery uses tickets, an abbreviated form of the rules or a reference to the rules may appear on the tickets.

Tex. Gov't Code Ann. § 466.252 (Vernon Supp.1998).[1] The Commission has set forth the following rule:

(3) It shall be the *exclusive* responsibility of the player to verify the accuracy of the player's selection(s) and other data printed on the ticket. A ticket is a bearer instrument until signed.

16 Tex. Admin. Code § 401.305(f)(3). (West 1998). The back of the lottery ticket states:

All tickets, transactions, and winners are subject to the procedures of the Texas Lottery, the rules and regulations of the Texas Lottery and state law. Tickets are void and will not be paid if the ticket fails any of the Lottery's validation tests. Liability for void tickets, if any, is limited to replacement of ticket or refund of retail sales price. The Texas Lottery is not responsible for lost, stolen or tickets mailed in for redemption. Players should check the ticket to be sure that it represents the correct plays and drawing date(s) intended upon purchase.

Given the presumption of Stewart's knowledge and the above laws, the Market did not have a legal duty to inform Stewart of her obligations or to verify the tickets before handing them to her. As the player, Stewart agreed to abide by the rules and, therefore, had the exclusive duty to verify her tickets. If the trial court granted summary judgment on the Market's denial of a legal duty to inform Stewart, it did not err.

■■■■ As to the breach of contract claim levied against the Market, performance in response to an offer made in connection with a contest creates a binding, enforceable contract. *Kasling v. Morris*, 71 Tex. 584, 9 S.W. 739, 740 (1888); *Kinnard v. Circle K Stores, Inc.*, 966 S.W.2d 613, 616–17 (Tex. App.—San Antonio 1998, n.w.h.); *Hall v. Bean*, 582 S.W.2d 263, 264 (Tex.Civ.App.—Beaumont 1979, no writ); *Bowlerama of Texas, Inc. v. Miyakawa*, 449 S.W.2d 357, 359 (Tex.Civ.App.—San Antonio 1969, writ dism'd w.o.j.). The rights of a contestant who has performed the act required in the promoter's offer are limited by the terms, conditions, and rules of the contest as made public. *Kinnard*, 966 S.W.2d at 616–17; *Miyakawa*, 449 S.W.2d at 359. Parties to an arms-length transaction are charged with a duty to read what they agree to. *Salinas v. Beaudrie*, 960 S.W.2d 314, 320 (Tex.App.—Corpus Christi 1997, no writ); *Plains Cotton Co-op. Ass'n v. Wolf*, 553 S.W.2d 800, 803 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e).

Stewart admits she did not read the lottery tickets, the alleged contracts, until several weeks after she purchased them. Had she read the tickets at the time of purchase, Stewart would have known the ticket at issue was invalid, she had the sole responsibility for verifying the ticket information, and the

1. Citation is to the current law which is substantially the same as the version in effect at the time the alleged incident occurred. *See* Act of August 13, 1991, 72nd Legislature, 1st C.S., ch. 6, § 4.01(b), 1991 Tex. Gen. Law 197, 211.

Market's liability was limited to replacement of the void ticket or refunding the ticket cost. Stewart placed the unverified tickets in her purse and left the store. There is no indication that Market employees prevented Stewart from complying with the lottery rules. In fact, Stewart, by not verifying the ticket's validity, prevented the Market from fulfilling its part of the contract. As Stewart did not comply with established contract law and the terms stated on the lottery ticket, she cannot now be heard to blame her error on the Market. The court did not err in granting summary judgment against Stewart's breach of contract claim.

Stewart does not challenge the trial court's grant of summary judgment against her breach of implied warranty, debt, and legal fraud claims by argument or citation to authority. Thus, error, if any, is waived. *See* Tex.R.App. P. 38.1(h).

We overrule Stewart's third and fourth points of error.

The trial court's judgment is AFFIRMED.