NUMBER 13-99-618-CV 



COURT OF APPEALS 

THIRTEENTH DISTRICT OF TEXAS 

CORPUS CHRISTI 

___________________________________________________________________ 

 

THE CITY OF HIDALGO AMBULANCE SERVICE, Appellant, 



v. 



MARIA LIRA, INDIVIDUALLY AND AS BEST 

FRIEND OF PEDRO LIRA, JR., A MINOR 

AND AS THE INDEPENDENT ADMINISTRATOR 

OF THE ESTATE OF PEDRO LIRA, SR., Appellee. 

___________________________________________________________________ 



On appeal from the 370th District Court 

of Hidalgo County, Texas. 

___________________________________________________________________ 



O P I N I O N 



Before Justices Dorsey, Chavez, and Rodriguez 

Opinion by Justice Rodriguez 





The City of Hidalgo Ambulance Service (the City) brings this interlocutory appeal from
the denials of two pleas to the jurisdiction. See Tex. Civ. Prac. & Rem. Code
Ann. 51.014(a)(8) (Vernon Supp. 2000). By a single issue, the City contends the trial
court lacked subject matter jurisdiction because the claims alleged in the petition did
not give rise to waiver of immunity under the Texas Tort Claims Act. We affirm in part and
reverse and render in part. 

Pedro Lira, Sr. died of a heart attack in Hidalgo County, Texas. Pedro's widow, Maria
Lira, individually, as the representative of the estate of Pedro Lira, Sr., and as best
friend of her son, Pedro Lira, Jr., (the plaintiffs) sued the City, alleging its failure
to timely respond to numerous calls for emergency service caused the death of her husband.


The plaintiffs alleged the City was liable under the Texas Tort Claims Act, which
statutorily waives governmental immunity,(1) and allows
liability for: 

(1) property damage, personal injury, and death proximately caused by the wrongful act
or omission or the negligence of an employee acting within his scope of employment if: 



(A) the property damage, personal injury, or death arises from the operation or use of
a motor-driven vehicle or motor-driven equipment; and 



(B) the employee would be personally liable to the claimant according to Texas law; and




(2) personal injury and death so caused by a condition or use of tangible personal or
real property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law. 



Tex. Civ. Prac. & Rem. Code Ann. 101.021 (Vernon 1997). 

By their First Amended Original Petition, the plaintiffs alleged the City was liable
under the act for the operation, use, or misuse of a motor-driven vehicle. See id.
101.021(1). Specifically, the plaintiffs alleged Mr. Lira's death was "caused by the
City of Hidalgo's police and emergency personnel's negligence in the operation of, the
misuse of and/or their failure to use a motor-driven vehicle, specifically, a city
ambulance, to timely respond to Plaintiff's emergency phone calls for medical assistance
for Mr. Lira." In turn, the City filed a plea to the jurisdiction, asserting the
facts as alleged by the plaintiffs did not waive the City's sovereign immunity because, inter
alia, the plaintiffs' complaint was that the City did not use its ambulance and there
is no waiver of immunity for the non-use of a motor-driven vehicle. The trial court set a
hearing for the plea; however, prior to the hearing, the plaintiffs filed their Second
Amended Original Petition, omitting their claim that liability was allowed based on the
operation, use, or misuse of a motor-driven vehicle and replacing it with a claim that Mr.
Lira's death was caused by the use or misuse of tangible personal or real property. See
id. 101.021(2). In particular, the petition alleged the City was liable based on the
"use and/or misuse of its telephone and/or radio equipment [in] failing to timely
contact and dispatch emergency personnel in response to Plaintiffs' emergency phone calls
for medical assistance for Mr. Lira." The trial court subsequently denied the City's
plea to the jurisdiction, which addressed the claim of waiver of immunity in plaintiff's
First Amended Original Petition, as moot. Thereafter, the City filed a plea to the
jurisdiction based on the plaintiffs' Second Original Amended Petition, attacking the
plaintiffs' claim of waiver of immunity based on the use or misuse of tangible property,
namely emergency communication equipment. The trial court denied the plea. 

The City filed a notice of appeal with this Court, seeking review of the trial court's
denial of its second plea to the jurisdiction. Thereafter, the plaintiffs filed their
Third Amended Original Petition,(2) claiming liability on
the bases of operation, use, or misuse of a motor vehicle, and use or misuse of tangible
personal property. The City then filed an amended notice of appeal, including as part of
the appeal the trial court's denial as moot of its first plea to the jurisdiction. 

In its sole issue, the City contends the trial court erred by denying the pleas to the
jurisdiction. A plea to the jurisdiction contests the trial court's authority to determine
the subject matter of the cause of action. See City of El Campo v. Rubio, 980
S.W.2d 943, 945 (Tex. App.--Corpus Christi 1998, pet. dism'd w.o.j.). "Governmental
immunity from suit defeats a trial court's subject matter jurisdiction and thus is
properly asserted in a plea to the jurisdiction." Tex. Dept. of Transportation v.
Jones, 8 S.W.3d 636, 637-39 (Tex. 2000). 

When considering a plea to the jurisdiction, the trial court looks only to the
allegations in the petition. See Rubio, 980 S.W.2d at 945; see also
University of Tex. Med. Branch at Galveston v. Hohman, 6 S.W.3d 767, 771 (Tex.
App.--Houston [1st Dist.] 1999, pet. filed); Liberty Mut. Ins. Co. v. Sharp, 874
S.W.2d 736, 739 (Tex. App.--Austin 1994, writ denied). We take the allegations in the
pleading as true and construe them in favor of the pleader. See Rubio, 980 S.W.2d
at 945 (citing Air Control Bd., 852 S.W.2d at 445). The pleadings must
affirmatively demonstrate the court's jurisdiction. See Tex. Ass'n of Business v. Air
Control, 852 S.W.2d 440, 446 (Tex. 1993). 

The trial court in this case did not rule on the merits of the first plea to the
jurisdiction in which the City challenged the plaintiff's claim of liability for
operation, use, or misuse of a motor vehicle. Rather, the court denied the plea as moot
because the petition, at the time of the hearing, had been amended to exclude such a
theory. We cannot say the trial court erred in denying as moot the City's first plea. The
plea addressed a claim of waiver of liability that was no longer in the petition; it was
indeed moot. Moreover, to the extent that the plaintiff's Third Amended Original Petition
includes a claim of liability based on the operation, use, or misuse of a motor-driven
vehicle, there is no appealable order from which the City complains. See Tex.
Civ. Prac. & Rem. Code Ann. 51.014(a)(8) (Vernon Supp. 2000) (permitting interlocutory
appeal from order granting or denying plea to jurisdiction by governmental unit). We
overrule the City's first issue as it relates to the claim based on the operation, use, or
misuse of a motor-driven vehicle. 

The City also complains the trial court erred in denying their second plea to the
jurisdiction which attacked the plaintiff's claim of liability based on the use or misuse
of tangible property as raised in the Second Amended Original Petition. According to the
City, the plaintiff's theory of liability was based on the non-use of tangible property,
and therefore did not fall within the purview of the limited waiver in the Texas Tort
Claims Act. The plaintiffs contend the appeal is moot with respect to the second plea to
the jurisdiction, because the deficiencies complained about in that plea were addressed in
their Third Amended Original Petition. However, both petitions allege liability for use or
misuse of tangible personal property (i.e., emergency communication equipment) in
failing to provide emergency medical services to Mr. Lira, and allege that the
communication equipment was misused in other ways. 

The plaintiffs alleged the failure to use and the misuse of emergency communication
equipment caused Mr. Lira's death; they did not allege that a condition of the equipment
caused his death. Thus, their claim was based on the conveyance or non-conveyance of
information, rather than the use or misuse of tangible personal property. Use or misuse of
information does not amount to use or misuse of tangible property so as to waive
governmental immunity under section 101.021(2). See University of Tex. Med. Branch v.
York, 871 S.W.2d 175, 177 (Tex. 1994); Sawyer v. Texas Dept. of Criminal Justice,
983 S.W.2d 310, 312 (Tex. App.--Houston [1st Dist.] 1998, pet. denied); Dear v. City
of Irving, 902 S.W.2d 731, 737 (Tex. App.--Austin 1995, writ denied) (citations
omitted). Furthermore, mere non-use of property will not support a claim under the Texas
Tort Claims Act. See Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 585 (Tex.
1996); Kassen v. Hatley, 887 S.W.2d 4, 14 (Tex. 1994). The word use means to
"put or bring [the property] into action or service; to employ for or apply to a
given purpose." See Clark, 925 S.W.2d at 585 (quotations omitted). Although
the plaintiffs assert their claim is based on the misuse of property, their pleadings
complain Mr. Lira died as a result of the failure of emergency personnel to dispatch
emergency personnel in a timely manner. 

In Kassen v. Hatley, 887 S.W.2d 4, 14 (Tex. 1994), the supreme court concluded
that the failure to provide a patient with medication was non-use and did not waive
sovereign immunity. Although the governmental employees had taken medication away from the
patient, the court reasoned that the claim of waiver of immunity was based on the failure
to provide the patient with her medication. See id. 

In Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 585 (Tex. 1996), the
supreme court held that giving a patient oral medication instead of an injectionable drug
was non-use and did not give rise to waiver of immunity under the Texas Tort Claims Act.
The plaintiffs alleged the treatment prescribed was not as effective as the injectionable
drug would have been. The court resolved that although state hospital employees gave the
patient oral medication, "the gravamen of [the plaintiffs'] complaint [was] that [the
defendants'] non-use of an injectionable drug was the cause of their daughter's
death." See id. 

Similarly, we conclude the gravamen of the plaintiff's complaint is the City's non-use
of the communication equipment in failing to provide medical services to Mr. Lira, which
resulted in his death. Accordingly, the allegation that the City was liable for the use or
misuse of the emergency communication equipment did not waive the City's sovereign
immunity. We hold the pleadings affirmatively demonstrate an absence of subject matter
jurisdiction as to the plaintiffs' claim that the City was liable for its use or misuse of
tangible personal property. The City's first issue is sustained as to the City's claim of
waiver of immunity based on that claim. 

Therefore, we REVERSE the trial court's denial of the second plea to the jurisdiction
relating to the claim of waiver of immunity based on the use or misuse of tangible
personal property and render judgment in the City's favor on that claim. We AFFIRM the
trial court's denial as moot of the first plea to the jurisdiction relating to the claim
of waiver based on the use of a motor-driven vehicle. 

NELDA V. RODRIGUEZ 

Justice 



Publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this the 6th day of April, 2000. 

1. Governmental entities have immunity from suit without consent
even if there is no question as to the liability of the sovereign. See Stewart v.
Texas Lottery Com'n, 975 S.W.2d 732, 735 (Tex. App.--Corpus Christi 1998, no pet.)
(citing Missouri Pacific R.R. Co. v. Brownsville Navigation Dist., 453 S.W.2d
812, 813 (Tex. 1970); Green Int'l, Inc. v. State, 877 S.W.2d 428, 432 (Tex.
App.--Austin 1994, writ dism'd)). Immunity from suit bars an action against the state
unless the state expressly consents, by statute or express legislative permission, to the
suit. See Federal Sign v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). The
party suing the government must establish the state's consent, either by reference to a
statute or express legislative permission. See Tex. Dept. of Transportation v. Jones,
8 S.W.3d 636, 638 (Tex. 2000). 

2. The interlocutory appeal acted to stay proceedings in the trial
court only with respect to commencement of trial. See Tex. Civ. Prac. & Rem.
Code Ann. 51.014(b) (Vernon Supp. 2000); City of Austin v. L.S. Ranch, Ltd., 970
S.W.2d 750, 754 n. 3 (Tex. App.--Austin 1998, no pet.). The Third Amended Original
Petition was included as an exhibit to the plaintiff's motion to dismiss the appeal as
moot, and also appears in the clerk's record.