NUMBER 13-03-428-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

 

MARY
COLLINS, THOMAS MURPHY,

ROBERT
POLANCO, MARK WAGNER,

JOHN
CAMPBELL AND WELDON

WALKER,                                                                                       Appellants,

 

                                                             v.

 

CITY OF
CORPUS CHRISTI,                                                   Appellee.

 

       On
appeal from the 94th District Court of Nueces County, Texas.

 

 

                                          O
P I N I O N

 

                       Before
Justices Yañez, Rodriguez, and Garza 

                                        Opinion
by Justice Yañez

 








Appellants[1]
appeal a summary judgment granted in favor of appellee, the City of Corpus
Christi (Athe City@).  By two
issues, appellants contend the trial court erred in granting summary judgment
based on the City=s affirmative defenses of collateral estoppel and
res judicata because neither doctrine is applicable.  We affirm.

                                                                I.  Background  

Appellants are present or former members of the City=s Fire Department. 
On January 21, 2000, appellants filed a class action in state court in
Nueces County, Texas.[2]  Appellants sought overtime pay and other
remedies for work in excess of forty hours per week under the Fair Labor
Standards Act (AFLSA@),[3]
the Texas Local Government Code,[4]
and the firefighters= Collective Bargaining Agreement (Athe Agreement@) with the City. 
On February 17, 2000, the suit was removed to federal court.[5]  

                                                           A.  Prior Federal Suit








On September 15, 2000, the City filed a motion for
summary judgment in the federal suit, contending that (1) pursuant to the
partial exemption in section 207(k) of the FLSA,[6]
the City is not obligated to pay overtime to its fire protection employees
until they have worked over 204 hours in a 27-day work cycle; (2) the Agreement
does not require the City to pay overtime for hours worked over forty hours per
week; and (3) section 142.0015 of the local government code does not require
the City to pay overtime for hours worked over forty hours per week because the
provisions of the Agreement prevail over the statute.  As evidence, the City attached to its motion
(1) two Agreements between the City and the firefighters= association, one dated August 1996 through July
1997, and a second, dated August 1997 through July 2000; (2) a copy of section
553.230 of the code of federal regulations; and (3) the expert report of
Raymond D. Cordelli, stating that the City is not required to pay overtime to
firefighters for hours worked over forty hours per week under the FLSA, the
Agreements, or the local government code. 


On October 5, 2000, appellants filed their response
to the City=s motion.  In
their response, appellants argued that the City failed to establish that it had
adopted the 207(k) FLSA exemption.  The
response also asserted that (1) the City did not consider all Aadd-ins@ in calculating the plaintiffs= Aregular@ pay rate, which adversely affected the calculation
of an overtime pay rate; (2) the method of calculating pay under the 1997
Agreement resulted in an average underpayment to firefighters of eight hours
per year; (3) the City owed firefighters for sixty hours worked per year
(number of hours worked over the maximum under the FLSA); and (4) the City Aillegally dock[ed]@
twelve hours of overtime pay during a 27-day pay period based on an individual=s regular rate of pay.  In support of their response, appellants
attached as evidence (1) the affidavit of Earl Davis, stating he (a) is a
firefighter for the City, (b) has reviewed two years of his pay stubs, and (c)
has been underpaid for overtime hours worked because the overtime pay rate did
not include Aadd-ins;@ and (2) copies of Davis=s pay stubs.








On October 13, 2000, appellants filed a motion for
summary judgment in federal court, asserting the same arguments that they
included in their October 5, 2000 response.[7]  The evidence attached to appellants= motion is the same as the evidence attached to
their response:  Earl Davis=s affidavit and pay stubs.  

On November 17, 2000, appellants filed their First
Amended Complaint and Request for Declaratory Judgment in the federal suit, in
which they complained that the City (1) violated the FLSA and local government
code by failing to pay the proper overtime rate for overtime hours worked and
failing to include all Aadd-ins@ in calculating the regular hourly rate, (2) violated
federal regulations and the local government code by contracting for a
fifty-four hour work week, and (3) owed them compensation for eight hours
worked per year over the number of hours required under the Agreement and owed
them compensation for sixty hours per year over the maximum allowed under the
FLSA.  On November 26, 2000, the federal
judge struck appellants= amended complaint because the deadline for amended
pleadings had expired and appellants did not seek leave to amend their
complaint.  

Several days later, on November 29, 2000, the
federal court issued an order denying appellants=
motion for summary judgment and granting the City=s
motion for summary judgment.[8]  The order stated, in pertinent part:








Plaintiffs claim the City violates the compensation
requirements of the Fair Labor Standards Act (AFLSA@), 29 USC '' 201-219, the Texas Local Government Code '' 142.001-142.011, and the collective bargaining
agreements, by refusing to pay them for the hours worked in excess of 40 hours
per week.  (Plaintiffs= Motion at 3-5). 
Additionally, Plaintiffs claim they are not properly compensated for
overtime in a 27 day work cycle. (Plaintiffs=
Motion at 2-3).  Third, Plaintiffs claim
the defined regular workweek under Article IV of the collective bargaining
agreements violates the FLSA. 
(Plaintiffs= Motion at 3). 
Fourth, Plaintiffs allege the City fails to properly calculate their
regular rate for purposes of overtime compensation by not incorporating certain
Aadd-ins@ or incentive pay into the calculation of the
regular rate.  (Plaintiffs= Motion at 1-2). 
Finally, Plaintiffs claim they do not receive regular pay for
approximately eight hours a year. 
(Plaintiffs= Motion at 2). 


 

.
. . .

 

. . . [I]f the City meets the requirements of a
section 7(k) exemption, it is not required to pay overtime until an employee
involved in fire protection activities works in excess of 204 hours during a
twenty-seven day period, regardless of whether the employee works more than 40
hours in any particular seven day week.

 

.
. . .

 

. . . [N]othing in the language of section 7(k)
requires the City to declare that it has adopted section 7(k). . . .  Since there is no dispute that the  City has adopted a twenty-seven day work
period, the City will be allowed to invoke the section 7(k) exemption. . .
.  Therefore, the City is not required to
pay Plaintiffs overtime until they have worked in excess of 204 hours in a
twenty-seven day work period.

 

B.  Violation
of Texas Local Government Code

 

Plaintiffs claim the Texas Local Government Code, ' 142.0015(f) and '
142.0015(h), entitles them to overtime pay for time worked in excess of 40
hours. . . .

 

.
. . .

 








Further, section 174.006 of the Texas Local Government
Code specifically states, AA state or local civil service provision prevails
over a collective bargaining contract under this chapter unless the collective
bargaining contract specifically provides otherwise.@ (emphasis added). 
Tex. L. Gov. Code ' 174.006. 
Here, the collective bargaining agreements expressly state, ATo the extent that any of the provisions of the
agreement[s] conflict with Chapter 143 or any other State Civil Service
Statute, the provisions of the agreement[s] shall control and the applicability
of such statutes are altered accordingly.@ (Exhibit 1 of City=s
Motion at 90; Exhibit 2 of City=s Motion at 39). 
Therefore, the collective bargaining agreements prevail over section
142.0015.  Since the collective
bargaining agreements establish a 27 day work cycle with a yearly average of 54
hours per week, the Court finds that the agreements waived the right to a
maximum 40 hour work week provided by ' 142.0015(f). . . .

 

Plaintiffs claim the City has violated the terms of
the collective bargaining agreements by failing to pay overtime for work in
excess of 40 hours a week. . . . 

 

. . . [I]t is irrelevant whether Plaintiffs work
over 40 hours in a seven day week because the defined work period for overtime
compensation under the agreements is not seven days.

 

V.
OVERTIME COMPENSATION IN A TWENTY SEVEN DAY WORK CYCLE  

 

Alternatively, Plaintiffs allege the City does not
properly pay overtime compensation for the 27 day work cycle adopted in the
collective bargaining agreements. 
(Plaintiffs= Motion at 2). 
Since the City and the Corpus Christi Firefighters= Association agreed to a 27 day pay period, the FLSA
requires overtime payment for work in excess of 204 hours during each work
period. 29 C.F.R. ' 553.230(c). 
Plaintiffs claim they consistently work 216 hours in a 27 day period
without properly receiving overtime compensation for the extra 12 hours.[9]

 

As support for this claim, Plaintiffs present the
affidavit testimony of  Mr. Earl Davis, a
Corpus Christi firefighter.  (Exhibit 1
to Response).  Mr. Davis testifies that
he does not receive proper regular and overtime compensation.  (Exhibit 1 to Response at 1-2).  Plaintiffs also submit the [pay stubs] of Mr.
Davis from January 10, 1997 to December 24, 1998.  (Exhibit 2 to Response).

 








After review of the evidence, the Court finds that
neither the affidavit testimony nor the [pay stubs] create a genuine issue for
trial.  First, Mr. Davis is not a named
plaintiff in the action; therefore, issues relating to his compensation are not
relevant as to whether the plaintiffs receive proper compensation.  Second, Mr. Davis= affidavit testimony does not make any assertion
that he works in excess of 204 hours in a 27 day cycle.  Therefore, 
his testimony does not support the claim.  Third, the paystubbs fail to show that Mr.
Davis works in excess of 204 hours in a 27 day cycle without receiving proper
overtime compensation.

 

VI.  ARTICLE IV OF COLLECTIVE BARGAINING
AGREEMENTS

 

Plaintiffs claim Article IV of the collective
bargaining agreements is illegal because it calls for a 54 hour workweek,
whereas the FLSA establishes a maximum 53 hours for a seven day work period. .
. . Here, the City has not established a seven day work period; it has adopted
a 27 day work period.  Article IV does
not violate the FLSA merely because it includes a yearly average of 54 hours,
so long as the City abides by the overtime compensation requirements of 29 C.F.R.
' 553.230(c) for a 27 day work period.

 

VII.  CALCULATION AND COMPENSATION OF REGULAR RATE
PAY

 

Plaintiffs assert several claims concerning the
calculation and compensation of their regular rate pay.  First, Plaintiffs claim the City fails to
calculate their regular rate properly for purposes of determining overtime
compensation by not including certain Aadd-ins@ into the calculation of the regular rate.  (Plaintiffs=
Motion at 1-2).  The Aadd-ins@ the City allegedly fails to incorporate into the
regular rate are: 1) longevity pay, 2) working out of classification pay, 3)
uniform pay, 4) education incentive pay, 5) certification pay, 6) assignment
pay, 7) and any other regularly scheduled pay. 
(Plaintiffs= Motion at 1-2). 
Second, Plaintiffs claim they do not receive regular rate pay for
approximately eight hours a year. 
(Plaintiffs= Motion at 2). . . .

 

.
. . . 

 

While the Plaintiffs pleaded their overtime
compensation claims sufficient to give Defendants notice of the claims, the
Court finds the complaint fails to give Defendants fair notice of any claims
relating to the Plaintiffs [sic] regular rate pay.  The complaint fails to allege any facts
relating to the use of Aadd-ins@ in the calculation of the regular rate or the eight
hours of regular pay owed in a 364 day period. 
Since Plaintiffs did not plead these claims in their complaint, the
Court will not consider them. . . .

 

                                                    B.  Present Suit

 








On February 5, 2001, the same plaintiffs filed the
present suit in the 94th District Court in Nueces County, Texas.[10]  In their petition, appellants allege that the
City (1) owes them compensation for eight hours more per year than they receive
under the Agreement, (2) owes them compensation for sixty hours per year
pursuant to the maximum hours allowed under section 142.0015(b) of the local
government code, (3) Aillegally docks@ them for straight time, and (4) has not properly
credited appellants= personal leave, vacation leave, and sick leave
accounts.  Appellants= Astatement of issues@[11] also identifies issues that appellants intend to
raise: (1) the City does not include all Aadd-ins@ in calculating the regular rate, including
education pay; (2) the City does not include all Aadd-ins@ in calculating the regular rate for compensation
time purposes; (3) the City owes them compensation for eight more hours than
they receive under the Agreement; (4) the City 
improperly docks overtime at a regular rate, resulting in
under-compensation to employees not missing a work day for a year; the City
owes them overtime under section 142.0015(b) of the local government code; (5)
the City does not pay Adrag-up@ pay to retiring firefighters; 

(6) appellant Polanco was Ashorted@ ten hours of vacation time and ten hours of sick
leave time when the City converted to a new computer system in 1999; and (7)
the City has failed to properly maintain wage and hour records as required by
the FLSA.








On December 11, 2002, the City filed a motion for
summary judgment, contending that appellants=
claims are barred under the principles of res judicata and collateral estoppel,
based on the judgment rendered in federal court on November 29, 2000.  In its motion, the City contends that
appellants= claims in the present suit are barred because the
claims (1) are identical to those previously alleged by appellants in federal
court, or (2) could have been raised in the federal suit because they arise out
of the same facts.  As evidence, the City
attached (1) appellants= original state court petition (cause no. 00-363-H);
(2) the final judgment granted in federal court; (3) the Fifth Circuit judgment
affirming the federal court judgment; (4) the federal court order granting the
City=s motion for summary judgment and denying the
appellants= motion for summary judgment; (5) the affidavit of
Peter Merkl, Assistant City Attorney for the City, with copies of (a) the City=s answer in the federal court suit, (b) the City=s motion for summary judgment in the federal court
suit, (c) appellants= motion for summary judgment in the federal court
suit, and (d) the Fifth Circuit decision affirming the federal court judgment
that the City has not violated the  FLSA
or the Texas Local Government Code; and (6) the affidavit of Alberto J. Peña,
counsel for the City, with attached copies of (a) appellants= original petition in the present case and (b)
appellants= statement of the issues in the present case. 








On February 20, 2003, appellants filed their
response to the City=s motion for summary judgment.  In their response, appellants argue that the
City=s res judicata and collateral estoppel arguments
were aimed solely at the issue of whether the Agreement supercedes the
provisions of the local government code. 
Although appellants generally asserted that A[n]one of the issues set out in [appellants=] Statement of Issues have been previously litigated
in any forum,@ they did not specifically address any of the
elements of the City=s asserted defenses of res judicata or collateral
estoppel.  Following a hearing, the trial
court granted partial summary judgment in the City=s favor on March 6, 2003, based on res judicata, on
all issues except appellants= claim that not all Aadd-ins@ are considered in the calculation of the regular
rate of pay.[12]


On April 17, 2003, the City filed a second motion
for summary judgment, in which it argued that appellants= Aregular rate of pay@
claims are also barred by res judicata and collateral estoppel because those
claims could have been raised in the prior federal suit.  As evidence, the City attached the same
evidence that it attached to its first motion, plus the following:  (1) a supplemental affidavit of Peter Merkl,
describing letters from appellants= counsel (dated February 20, 2000 and April 10,
2000) outlining issues raised in the federal lawsuit, including claims that the
City does not include Aadd-ins@ in calculating the overtime rate; (2) the two
letters from appellants= counsel submitted in the federal suit; (3) the
scheduling order in the federal suit; (4) a general order dated April 11, 2000
in the federal suit; (5) a copy of appellants= first
amended complaint and request for declaratory judgment in the federal suit,
dated November 17, 2000 (which includes a claim that the City does not include
all Aadd-ins@ in calculating the regular rate); and (6) a copy of
the order striking appellants= amended complaint in the federal suit because the
deadline for filing amended pleadings expired June 30, 2000.








On May 13, 2003, appellants filed a response to the
City=s second motion for summary judgment.  Attached to appellants= response is the affidavit of their counsel, Kim
Cox.  In the affidavit, Ms. Cox states
that appellants were unable to verify facts regarding the City=s failure to include certain Aadd-ins@ in calculating the regular rate until after the
deadline for amending pleadings in the federal suit.  Appellants=
response argues that the Asole issue left in this case is what amounts should
be added into the calculation of overtime pay,@ and
that res judicata and collateral estoppel do not apply because the issue was
not dealt with in the prior federal case.  


On May 20, 2003, the City filed a reply to
appellants= response, in which it argued  that even though appellants= Aadd-ins@ claims were not addressed in the federal lawsuit,
they were nonetheless barred because res judicata bars all claims that were or could
have been raised in a prior lawsuit. 
The City further argued that under the Atransactional
test@ for determining whether two complaints involve the
same cause of action (for purposes of res judicata), the appellants= Aadd-ins@ claims are grounded in the same operative factsB  the City=s allegedly improper payroll practices and method of
calculating overtimeB as the claims asserted in the prior federal
lawsuit.  On May 29, 2003, the trial
court issued an order granting the City=s second motion for summary judgment and ordering
that appellants take nothing.  This
appeal ensued.  

                                                         II.  Standard of Review








In their second issue, appellants contend the trial
court erred in granting summary judgment on the basis of res judicata.  Summary judgment for a defendant is proper
when the summary judgment evidence negates an essential element of the
plaintiff's cause of action as a matter of law or establishes all the elements
of an affirmative defense as a matter of law.[13]  When reviewing a summary judgment, we take as
true all evidence favorable to the non‑movant and indulge every
reasonable inference in the non‑movant's favor.[14]  When there are multiple grounds for summary
judgment and the order does not specify the ground on which the summary
judgment was rendered,[15]
an appellant must negate all grounds on appeal.[16]  If the appellant fails to negate each ground
on which the judgment may have been rendered, we must uphold the summary
judgment.[17]


Summary judgment is proper in a case barred by res
judicata.[18]  To obtain that relief, the City, as movant,
had to establish all elements of the affirmative defense of res judicata as a
matter of law.[19]

Any issue which the non-movant claims would justify
denying summary judgment must be included in the response.[20]  An appellate court cannot reverse a summary
judgment based on an issue not presented to the trial court.[21]

                                                             III.  Applicable Law 








Where, as here, the original judgment was entered in
a federal proceeding, federal law controls whether the principles of res
judicata will bar a later state court proceeding.[22]
Res judicata bars the litigation of claims that either have been litigated or
should have been raised in an earlier suit.[23]  Under federal law, four elements are
necessary to establish res judicata, or claim preclusion:  (1) the parties are identical or in privity;
(2) the judgment in the prior action was rendered by a court of competent
jurisdiction; (3) the prior action was concluded to a final judgment on the
merits; and (4) the same claim or cause of action was involved in both actions.[24]

Under res judicata as applied by federal courts, a
final judgment on the merits is transactional in nature and thus precludes
parties from relitigating issues that were or could have been decided in the
prior action.[25]  Thus, the critical issue is whether the two
actions under consideration are based on the same nucleus of operative facts.[26]  In this inquiry, we look to the factual
predicate of the claims asserted, not the legal theories upon which the
plaintiff relies.[27]


                                                                   IV.  Analysis








The City argues that in appellants= response to the City=s
first summary judgment motion, they failed to raise any issue concerning the Atransactional test@ for
determining whether their federal suit and the present suit involved the same
cause of action, and by failing to do so, waived this issue with regard to all
of their asserted causes of action except the Aregular
rate of pay@ issue. 

Although appellants argue in their brief that Athis entire appeal comes down to whether the issues
being raised in the present case arose out of the same >nucleus of operative facts= as the issues that were raised in the prior federal
court case,@ they did not raise this issue in their response to
the City=s first summary judgment.  In its first motion for summary judgment, the
City specifically argued that the present suit is based on the Asame nucleus of operative facts@ as the prior federal suit.  In their response, appellants only generally
asserted that A[n]one of these issues were involved in the previous
litigation in federal court,@ but did not raise an issue regarding the Atransactional test@ for
determining whether the causes of action were the same for res judicata
purposes.[28]  








It is unnecessary, however, for us to address the
City=s waiver argument because we conclude that the City=s summary judgment evidence established all of the
elements of its affirmative defense of res judicata.[29]  Appellants do not generally dispute that (1)
the parties in the present suit are identical to the parties in the prior
federal litigation and (2) that the judgment issued by the federal court was
rendered by a court of competent jurisdiction.[30]  They do, however, dispute that the federal
court rendered a final judgment on the merits of their claims and that the same
claims or causes of action were involved in both actions.[31]  The federal court judgment specifically
stated that it did not consider appellants= Aregular rate of pay@
claims; the federal court did, however, reach a final judgment on the merits as
to appellants= remaining claims.[32]  We also conclude that the remainder of
appellants= claims in the present case all involve the Asame nucleus of operative facts@ as the claims asserted in the prior federal
litigation.[33]  All of appellants= claims (unpaid compensation for more hours worked
than paid under the Agreement, unpaid overtime under the local government code,
illegal Adocking,@ and uncredited leave) involve the City=s methodology and practices concerning determining
appellants= hours worked, straight time pay, overtime pay, and
overtime hours.  Accordingly, we hold
that the trial court did not err in granting the City=s first motion for summary judgment on the basis of
res judicata.








In its second motion for summary judgment, the City
argued that appellants= Aregular rate of pay@
claims were also barred by res judicata. 
As noted above, although the federal court struck their pleadings as
untimely, appellants actually raised claims that the City failed to include all
Aadd-ins@ in calculating the regular rate of pay in their
First Amended Complaint in the federal litigation.  Under res judicata as applied by federal
courts, a final judgment on the merits is transactional in nature and thus
precludes parties from relitigating issues that were or could have been
decided in the prior action.[34]  The Fifth Circuit has held that Atheories which were the subject of an untimely
motion to amend, filed in the earlier action, >could
have been brought= [in the earlier action].@[35]  Here,
appellants= claims concerning the City=s alleged failure to include all Aadd-ins@ in calculating the regular rate of pay Acould have been brought@ in the earlier federal suit because the claims were
the subject of an untimely motion to amend.[36]  Therefore, we conclude that the trial court
did not err in granting the City=s second motion for summary judgment on the basis of
res judicata.  

We overrule appellants=
second issue.  Because we conclude that
the trial court properly granted summary judgment in favor of the City on the
basis of res judicata, we need not address appellants= first issue.[37]


The trial court=s final judgment granting judgment in favor of the
City is AFFIRMED.  

                                                              
                                                       

LINDA REYNA YAÑEZ,

Justice

 

 

 

Opinion
delivered and filed

this
the 30th day of March, 2006.                











[1]
Appellants are Mary Collins,
Thomas Murphy, Robert Polanco, Mark Wagner, John Campbell, and the estate of
Weldon Walker.  





[2]
The lawsuit, Cause No.
00-363-H, styled Mary Collins, Thomas Murphy, Robert Polanco, Mark Wagner,
John Campbell and Weldon Walker v. City of Corpus Christi, was filed in the
347th district court in Nueces County, Texas.     





[3]
See 29 U.S.C.S. ' 207 (2006).





[4]
See Tex. Loc.
Gov=t Code Ann. ' 142.0015 (Vernon 1999).  





[5]
The case was docketed as
Civil Action No. C-00-066 in the United States District Court for the Southern
District of Texas, Corpus Christi Division. 






[6]
See 29 U.S.C.S. ' 207(k) (2006); 29 C.F.R. 553.230
(2006).





[7]
Appellants= response includes the argument
that the City failed to establish that it adopted the 207(k) exemption.  Although this argument is omitted from
appellants= motion for summary judgment, in
all other respects, appellants= motion is identical to their response.





[8]
The Fifth Circuit affirmed
the federal court=s judgment on October 26, 2001.





[9]
Further in their motion,
Plaintiffs actually acknowledge they do receive overtime compensation for the
12 hours but allege it is illegally docked an amount equal to the regular
rate.  (Plaintiffs= Motion at 2-3).  While Plaintiffs plead this claim
inconsistently, the Court will treat it as a claim for overtime
compensation.  (footnote in original).





[10]
Trial court cause number
01-646-C, styled Mary Collins, Thomas Murphy, Robert Polanco, Mary Wagner,
John Campbell, and Weldon Walker v. City of Corpus Christi.





[11]
Appellants= AStatement of the Issues@ is attached to the affidavit of
the City=s trial counsel and is included in
the City=s summary judgment evidence.  The affidavit notes that the parties agreed,
pursuant to a Rule 11 agreement, to exchange statements of issues in lieu of
contention interrogatories.





[12]
As noted, the federal court
order did not consider appellants= claims regarding the use of Aadd-ins@ in the calculation of the regular
pay rate because appellants= complaint failed to allege any facts regarding this
claim.  





[13]
See Am.Tobacco Co. v.
Grinnell, 951
S.W.2d 420, 425 (Tex. 1997) (citing City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979)).





[14] Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549 (Tex. 1985).





[15]
Here, the trial court=s March 6, 2003 order granting
partial summary judgment stated it was granted on the basis of res
judicata.  The trial court=s May 29, 2003 order granting final
judgment did not state the basis on which it was granted. 





[16]
State Farm Fire & Cas.
Co. v. S. S., 858
S.W.2d 374, 381 (Tex. 1993). 





[17]
Id.





[18]
Ford v. City State Bank of
Palacios, 44
S.W.3d 121, 131 (Tex. App.BCorpus Christi 2001, no pet.). 





[19]
See Grinnell, 951 S.W.2d at 425. 





[20]
Stewart v. Tex. Lottery
Comm=n, 975 S.W.2d 732, 735 (Tex. App.BCorpus Christi 1998, no pet.). 





[21]
Id.





[22]
Geary v. Tex. Commerce
Bank, 967 S.W.2d
836, 837 (Tex. 1998). 





[23]
 In re Southmark Corp., 163 F.3d 925, 934 (5th Cir.
1999).





[24]
Id.  





[25] Ellis v. Amex Life Ins. Co.,
211 F.3d 935, 938 (5th Cir. 2000); Farias v. Bexar County Bd. of Trustees,
856 S.W.2d 218, 223 (Tex. App.BSan Antonio 1993, writ denied).





[26]
Ellis, 211 F.3d at 938; Southmark
Props. v. Charles House Corp., 742 F.2d 862, 870‑71 (5th Cir. 1984).





[27]
Eubanks v. Fed. Deposit
Ins. Corp., 977
F.2d 166, 171 (5th Cir. 1992).





[28]  See Stewart, 975 S.W.2d at 735 (AAn appellate court cannot reverse a
summary judgment based on an issue not presented to the trial court.@); see also Vela v. City of
McAllen, 894 S.W.2d 836, 838 (Tex. App.BCorpus Christi 1995, no writ) (AIssues not expressly presented to
the trial court may not be considered on appeal as grounds for reversal of a
summary judgment.@). 






[29]
See Tex. R.
App. P. 47.1; Grinnell, 951 S.W.2d at 425; In re
Southmark, 163 F.3d at 934.





[30]
In re Southmark, 163 F.3d at 934.





[31]
See id. 





[32]
See id. 





[33]
See id. 





[34]
Ellis, 211 F.3d at 938 (emphasis added).






[35]
Nilsen v. Moss Point, 701 F.2d 556, 563 (5th Cir.
1983).





[36]
See id. 





[37]
See Tex. R.
App. P. 47.1.