

# NUMBER 13-20-00165-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RAMON MARTINEZ,                                                              Appellant,

v.

EDGAR GUAJARDO AND
DANIELA C. GUAJARDO,                                                         Appellees.

## On appeal from the 206th District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Hinojosa, Tijerina, and Silva**
**Memorandum Opinion by Justice Tijerina**

Appellant Ramon Martinez appeals the trial court's no-evidence and traditional

summary judgments in favor of appellees Edgar Guajardo and Daniela C. Guajardo. By

his first issue, Martinez argues the trial court erred in granting the no-evidence motion

because he "produced more than a scintilla of evidence raising a fact issue as to all the

elements contained in their motion." By his second issue, Martinez argues that the trial court erred in granting the traditional summary judgment motion because the Guajardos failed to establish the statute of limitations affirmative defense as a matter of law. We affirm.

## I. BACKGROUND

The parties dispute title to real property. On October 8, 2004, Irma Chapa was granted title to the property via warranty deed, which she recorded in the Hidalgo County property records on November 19, 2004. Chapa sold the property to the Guajardos via warranty deed on November 28, 2011, which was recorded on December 6, 2011.

Seven years later, on December 6, 2018, Martinez filed an original petition against the Guajardos alleging fraud and trespass-to-try-title claims. Alternatively, Martinez sought a partition of the property. In his petition, he alleged that he and Chapa purchased the property to which he made large investments even though title to the property appeared solely in Chapa's name. According to Martinez, he was subsequently imprisoned, and Chapa agreed she would transfer the property to Martinez upon his release. However, upon his release from prison, Chapa sold the property to the Guajardos instead.

The Guajardos filed a no-evidence motion for summary judgment, asserting Martinez's trespass-to-try-title claim failed because he produced no evidence that he had title to the property. The Guajardos also challenged his partition action because there was no common interest in the property. Lastly, they asserted that Martinez did not offer any

evidence as to any of the common-law fraud elements. They additionally stated that all of Martinez's claims relied on alleged verbal agreements for which there is no evidence.

In a traditional motion for summary judgment, the Guajardos claimed that the statute of limitations barred Martinez's suit because it commenced in 2011, yet Martinez did not file suit until 2018—after the four-year limitation period expired. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.004(a)(4) (providing a four-year period in which to bring claims for "fraud"), 16.051 (providing that every action for which no express period applies "must be brought not later than four years after the day the cause of action accrues").

Martinez responded to the no-evidence and traditional summary judgments. Regarding the no-evidence summary judgment, Martinez asserted that the Guajardos did not challenge each element as to Martinez's suit for plea in partition. Martinez also stated that he sought a judicial finding that he had ownership of the property, and if the trial court agreed, then his trespass-to-try-title claim prevails. He further stated his attached affidavit was evidence to support his cause of action for fraud. In response to the traditional summary judgment, Martinez asserted that his cause of action for fraud was not barred by the statute of limitations because the Guajardos did not submit conclusive proof that Martinez was aware of the alleged fraud within the four years from the date the fraud occurred. Martinez did not address the Guajardos' statute of limitations arguments for his claims for trespass-to-try-title claim and suit for plea in partition.

The trial court granted the Guajardos' no-evidence and traditional motions for summary judgment against Martinez. This appeal followed.

## II.    STANDARD OF REVIEW

We review the trial court's grant of a motion for summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In reviewing a no-evidence judgment motion, we must take as true all evidence favorable to the nonmovant and draw every reasonable inference and resolve all doubts in favor of the nonmovant. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23–24 (Tex. 2000) (per curiam).

A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i). The nonmovant is required to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Id.*; *Timpte Indus.*, 286 S.W.3d at 310. A genuine issue of material fact is raised if the non-movant produces more than a scintilla of evidence regarding the challenged element. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). When a party moves for summary judgment on traditional and no-evidence grounds, we first review the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

## III.    DISCUSSION

By his first issue, Martinez argues the trial court erred in granting the Guajardos'

no-evidence motion for summary judgment "because the summary judgment evidence raised a fact issue as to [his] title to the subject property."

A.      Trespass-To-Try-Title

The Guajardos moved for no-evidence summary judgment on the ground that there was no evidence to support Martinez's trespass-to-try-title cause of action. To prevail on a trespass-to-try-title claim, a plaintiff must "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Lance v. Robinson*, 543 S.W.3d 723, 735 (Tex. 2018) (citing *Plumb v. Stuessy*, 617 S.W.2d 667, 668 (Tex. 1981)). Trespass-to-try-title actions "involve detailed pleading and proof requirements." *Id.*

Martinez responded to the no-evidence motion by attaching his affidavits wherein he averred that he gave Chapa money to purchase the property "to launder money from the sale of narcotics." He further stated they had agreed to "improve the home with the drug money and then she would sell the home and return the money to [him] as laundered money." According to Martinez's affidavit, he invested over $500,000 for improvements to the home as "laundered money to escape narcotic detection." Martinez claimed that upon release from prison, he contacted Chapa to sell the property and return his money as per their oral agreement, but she refused.

As stated above, trespass-to-try-title actions "involve detailed pleading and proof requirements." *Id.* Here, the evidence shows that Martinez does not own, nor has he ever

5

owned, the property in question. Conversely, the evidence established that solely Chapa owned the property and subsequently sold the property to the Guajardos. Thus, Martinez put forth no evidence that established: (1) a chain of conveyances from the sovereign; (2) superior title out of a common source; (3) title by limitations; or (4) title by prior possessions with proof that possession was not abandoned. *See id.* At most, Martinez offered a conclusory allegation in his affidavit without further proof, but broad conclusory statements are not valid summary judgment evidence. *See Doherty v. Old Place, Inc.*, 316 S.W.3d 840, 843–44 (Tex. App.—Houston [14th Dist.] 2010, no pet.). To the extent that Martinez asserts equitable title based on an alleged oral agreement with Chapa, we reject this argument as Martinez unequivocally stated his alleged agreement was to launder drug money. *See Komet v. Graves*, 40 S.W.3d 596, 602 (Tex. App.—San Antonio 2001, no pet.) ("[C]ourts will not enforce an illegal contract, even if the parties don't object. Enforcement of an illegal contract violates public policy.") (internal citations omitted). Based on the record, we conclude that Martinez does not raise a scintilla of evidence to prevail on a trespass-to-try-title action. *See King Ranch*, 118 S.W.3d at 751.

On appeal, Martinez additionally argues that the statements in his affidavit establish "the creation of a purchase money resulting trust for [his] benefit." However, Martinez raises this argument for the first time on appeal. Because Martinez did not raise this argument to the trial court in his response to the Guajardos' no-evidence summary judgment motion, we do not consider it on appeal. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993) (providing that a nonmovant's issue to avoid

a movant's summary judgment motion must be expressly presented to the trial court by written answer); *Stewart v. Tex. Lottery Comm'n*, 975 S.W.2d 732, 735 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.) ("An appellate court cannot reverse a summary judgment based on an issue not presented to the trial court."). Accordingly, we conclude that the trial court did not err in granting the Guajardos' no-evidence motion for summary judgment on Martinez's trespass-to-try-title claim.

## B.    Suit for Plea in Partition

In their no-evidence summary judgment motion, the Guajardos asserted that Martinez produced no evidence of a common interest in land; therefore, his suit for plea in partition must fail. Only a joint owner or claimant of real property or an interest in real property may compel a partition of the interest or the property. *See* TEX. PROP. CODE ANN. § 23.001. As previously stated, Martinez did not present more than a scintilla of evidence that he had any legal interest in the property to be partitioned. As a result, his contingent partition request must fail. *See id.*; *see also Aguilar v. Lozano*, No. 13-16-00568-CV, 2018 WL 655540, at *2 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (mem. op.) (providing that "[t]he prerequisites of maintaining a suit for partition of land are (1) a common interest in the land, and (2) the equal right to present possession"). Therefore, the trial court did not err in granting the Guajardos' no-evidence summary judgment on this basis. *See King Ranch*, 118 S.W.3d at 751.

## C.    Fraud

In the trial court, the Guajardos attacked all the elements of Martinez's fraud claim,

7

asserting that Martinez produced no evidence of the common law elements of fraud, which are:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

*Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)). In his response to the Guajardos' no-evidence summary judgment motion, Martinez's entire argument is as follows: "It is not necessary to prove a verbal conveyance, but only that a promise was made, it was material, it was breached, and said breach resulted in damages to Plaintiff. See Plaintiff's affidavit . . . which sets forth the misrepresentations and damages to Plaintiff." However, this inadequate response does not reference evidence that raises a fact issue on any of the challenged elements of fraud. To succeed on a challenge to a no-evidence summary judgment motion, "the nonmovant must file a written response that points out evidence that raises a fact issue on the challenged elements." *Holloway v. Tex. Elec. Util. Const., Ltd.*, 282 S.W.3d 207, 213 (Tex. App.—Tyler 2009, no pet.). If the nonmovant "produces no summary judgment evidence raising a genuine issue of material fact on [each of the challenged] elements[,]" the trial court must grant the no-evidence motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam); *see* TEX. R. CIV. P. 166a(i). As such, we conclude that Martinez's response is inadequate for its failure to

raise a fact issue on any of the challenged elements of fraud. We overrule his first issue.[1]

## IV. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
10th day of February, 2022.

---

[1] Because the trial court did not err in granting the Guajardos' no-evidence summary judgment, we need not address Martinez's remaining issue. *See* TEX. R. APP. P. 47.1.