Mary **COLLINS**, Thomas Murphy, Robert Polanco, Mark Wagner, John Campbell and Weldon Walker, Appellants,

v.

**CITY OF CORPUS CHRISTI, Appellee.**

No. 13–03–428–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 30, 2006.

---

Kim Cox, Kathleen L. Day, Corpus Christi, for appellants.

Lowell Denton, Albert Peña, Denton, Navarro & Bernal, San Antonio, for appellee.

Before Justices YAÑEZ, RODRIGUEZ, and GARZA.

## OPINION

Opinion by Justice YAÑEZ.

Appellants[1] appeal a summary judgment granted in favor of appellee, the City of Corpus Christi ("the City"). By two issues, appellants contend the trial court erred in granting summary judgment based on the City's affirmative defenses of collateral estoppel and res judicata be-

cause neither doctrine is applicable. We affirm.

## I. Background

Appellants are present or former members of the City's Fire Department. On January 21, 2000, appellants filed a class action in state court in Nueces County, Texas.[2] Appellants sought overtime pay and other remedies for work in excess of forty hours per week under the Fair Labor Standards Act ("FLSA"),[3] the Texas Local Government Code,[4] and the firefighters' Collective Bargaining Agreement ("the Agreement") with the City. On February 17, 2000, the suit was removed to federal court.[5]

### A. Prior Federal Suit

On September 15, 2000, the City filed a motion for summary judgment in the federal suit, contending that (1) pursuant to the partial exemption in section 207(k) of the FLSA,[6] the City is not obligated to pay overtime to its fire protection employees until they have worked over 204 hours in a 27–day work cycle; (2) the Agreement does not require the City to pay overtime for hours worked over forty hours per week; and (3) section 142.0015 of the local government code does not require the City to pay overtime for hours worked over forty hours per week because the provisions of the Agreement prevail over the statute. As evidence, the City attached to its motion (1) two Agreements between the

---

1. Appellants are Mary Collins, Thomas Murphy, Robert Polanco, Mark Wagner, John Campbell, and the estate of Weldon Walker.

2. The lawsuit, Cause No. 00–363–H, styled *Mary Collins, Thomas Murphy, Robert Polanco, Mark Wagner, John Campbell and Weldon Walker v. City of Corpus Christi*, was filed in the 347th district court in Nueces County, Texas.

3. *See* 29 U.S.C.S. § 207 (2006).

4. *See* TEX. LOC. GOV'T CODE ANN. § 142.0015 (Vernon 1999).

5. The case was docketed as Civil Action No. C–00–066 in the United States District Court for the Southern District of Texas, Corpus Christi Division.

6. *See* 29 U.S.C.S. § 207(k) (2006); 29 C.F.R. 553.230 (2006).

City and the firefighters' association, one dated August 1996 through July 1997, and a second, dated August 1997 through July 2000; (2) a copy of section 553.230 of the code of federal regulations; and (3) the expert report of Raymond D. Cordelli, stating that the City is not required to pay overtime to firefighters for hours worked over forty hours per week under the FLSA, the Agreements, or the local government code.

On October 5, 2000, appellants filed their response to the City's motion. In their response, appellants argued that the City failed to establish that it had adopted the 207(k) FLSA exemption. The response also asserted that (1) the City did not consider all "add-ins" in calculating the plaintiffs' "regular" pay rate, which adversely affected the calculation of an overtime pay rate; (2) the method of calculating pay under the 1997 Agreement resulted in an average underpayment to firefighters of eight hours per year; (3) the City owed firefighters for sixty hours worked per year (number of hours worked over the maximum under the FLSA); and (4) the City "illegally dock[ed]" twelve hours of overtime pay during a 27–day pay period based on an individual's regular rate of pay. In support of their response, appellants attached as evidence (1) the affidavit of Earl Davis, stating he (a) is a firefighter for the City, (b) has reviewed two years of his pay stubs, and (c) has been underpaid for overtime hours worked because the overtime pay rate did not include "add-ins;" and (2) copies of Davis's pay stubs.

On October 13, 2000, appellants filed a motion for summary judgment in federal court, asserting the same arguments that they included in their October 5, 2000 response.[7] The evidence attached to appellants' motion is the same as the evidence attached to their response: Earl Davis's affidavit and pay stubs.

On November 17, 2000, appellants filed their First Amended Complaint and Request for Declaratory Judgment in the federal suit, in which they complained that the City (1) violated the FLSA and local government code by failing to pay the proper overtime rate for overtime hours worked and failing to include all "add-ins" in calculating the regular hourly rate, (2) violated federal regulations and the local government code by contracting for a fifty-four hour work week, and (3) owed them compensation for eight hours worked per year over the number of hours required under the Agreement and owed them compensation for sixty hours per year over the maximum allowed under the FLSA. On November 26, 2000, the federal judge struck appellants' amended complaint because the deadline for amended pleadings had expired and appellants did not seek leave to amend their complaint.

Several days later, on November 29, 2000, the federal court issued an order denying appellants' motion for summary judgment and granting the City's motion for summary judgment.[8] The order stated, in pertinent part:

> Plaintiffs claim the City violates the compensation requirements of the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201–219, the Texas Local Government Code §§ 142.001–142.011, and the collective bargaining agreements, by refusing to pay them for the hours worked

---

**7.** Appellants' response includes the argument that the City failed to establish that it adopted the 207(k) exemption. Although this argument is omitted from appellants' motion for summary judgment, in all other respects, appellants' motion is identical to their response.

**8.** The Fifth Circuit affirmed the federal court's judgment on October 26, 2001.

in excess of 40 hours per week. (Plaintiffs' Motion at 3–5). Additionally, Plaintiffs claim they are not properly compensated for overtime in a 27 day work cycle. (Plaintiffs' Motion at 2–3). Third, Plaintiffs claim the defined regular workweek under Article IV of the collective bargaining agreements violates the FLSA. (Plaintiffs' Motion at 3). Fourth, Plaintiffs allege the City fails to properly calculate their regular rate for purposes of overtime compensation by not incorporating certain "add-ins" or incentive pay into the calculation of the regular rate. (Plaintiffs' Motion at 1–2). Finally, Plaintiffs claim they do not receive regular pay for approximately eight hours a year. (Plaintiffs' Motion at 2).

. . . .

. . . [I]f the City meets the requirements of a section 7(k) exemption, it is not required to pay overtime until an employee involved in fire protection activities works in excess of 204 hours during a twenty-seven day period, regardless of whether the employee works more than 40 hours in any particular seven day week.

. . . .

. . . [N]othing in the language of section 7(k) requires the City to declare that it has adopted section 7(k). . . . Since there is no dispute that the City has adopted a twenty-seven day work period, the City will be allowed to invoke the section 7(k) exemption. . . . Therefore, the City is not required to pay Plaintiffs overtime until they have worked in excess of 204 hours in a twenty-seven day work period.

B. Violation of Texas Local Government Code

Plaintiffs claim the Texas Local Government Code, § 142.0015(f) and § 142.0015(h), entitles them to overtime pay for time worked in excess of 40 hours. . . .

. . . .

Further, section 174.006 of the Texas Local Government Code specifically states, "A state or local civil service provision prevails over a collective bargaining contract under this chapter unless the collective bargaining contract specifically provides otherwise." (emphasis added). Tex. L. Gov.Code § 174.006. Here, the collective bargaining agreements expressly state, "To the extent that any of the provisions of the agreement[s] conflict with Chapter 143 or any other State Civil Service Statute, the provisions of the agreement[s] shall control and the applicability of such statutes are altered accordingly." (Exhibit 1 of City's Motion at 90; Exhibit 2 of City's Motion at 39). Therefore, the collective bargaining agreements prevail over section 142.0015. Since the collective bargaining agreements establish a 27 day work cycle with a yearly average of 54 hours per week, the Court finds that the agreements waived the right to a maximum 40 hour work week provided by § 142.0015(f). . . .

Plaintiffs claim the City has violated the terms of the collective bargaining agreements by failing to pay overtime for work in excess of 40 hours a week. . . .

. . . [I]t is irrelevant whether Plaintiffs work over 40 hours in a seven day week because the defined work period for overtime compensation under the agreements is not seven days.

V. OVERTIME COMPENSATION IN A TWENTY SEVEN DAY WORK CYCLE

Alternatively, Plaintiffs allege the City does not properly pay overtime compensation for the 27 day work cycle adopted in the collective bargaining agreements.

(Plaintiffs' Motion at 2). Since the City and the Corpus Christi Firefighters' Association agreed to a 27 day pay period, the FLSA requires overtime payment for work in excess of 204 hours during each work period. 29 C.F.R. § 553.230(c). Plaintiffs claim they consistently work 216 hours in a 27 day period without properly receiving overtime compensation for the extra 12 hours.[9]

As support for this claim, Plaintiffs present the affidavit testimony of Mr. Earl Davis, a Corpus Christi firefighter. (Exhibit 1 to Response). Mr. Davis testifies that he does not receive proper regular and overtime compensation. (Exhibit 1 to Response at 1–2). Plaintiffs also submit the [pay stubs] of Mr. Davis from January 10, 1997 to December 24, 1998. (Exhibit 2 to Response).

After review of the evidence, the Court finds that neither the affidavit testimony nor the [pay stubs] create a genuine issue for trial. First, Mr. Davis is not a named plaintiff in the action; therefore, issues relating to his compensation are not relevant as to whether the plaintiffs receive proper compensation. Second, Mr. Davis' affidavit testimony does not make any assertion that he works in excess of 204 hours in a 27 day cycle. Therefore, his testimony does not support the claim. Third, the paystubbs fail to show that Mr. Davis works in excess of 204 hours in a 27 day cycle without receiving proper overtime compensation.

## VI. ARTICLE IV OF COLLECTIVE BARGAINING AGREEMENTS

Plaintiffs claim Article IV of the collective bargaining agreements is illegal because it calls for a 54 hour workweek, whereas the FLSA establishes a maximum 53 hours for a seven day work period. . . . Here, the City has not established a seven day work period; it has adopted a 27 day work period. Article IV does not violate the FLSA merely because it includes a yearly average of 54 hours, so long as the City abides by the overtime compensation requirements of 29 C.F.R. § 553.230(c) for a 27 day work period.

## VII. CALCULATION AND COMPENSATION OF REGULAR RATE PAY

Plaintiffs assert several claims concerning the calculation and compensation of their regular rate pay. First, Plaintiffs claim the City fails to calculate their regular rate properly for purposes of determining overtime compensation by not including certain "add-ins" into the calculation of the regular rate. (Plaintiffs' Motion at 1–2). The "add-ins" the City allegedly fails to incorporate into the regular rate are: 1) longevity pay, 2) working out of classification pay, 3) uniform pay, 4) education incentive pay, 5) certification pay, 6) assignment pay, 7) and any other regularly scheduled pay. (Plaintiffs' Motion at 1–2). Second, Plaintiffs claim they do not receive regular rate pay for approximately eight hours a year. (Plaintiffs' Motion at 2). . . .

. . . .

While the Plaintiffs pleaded their overtime compensation claims sufficient to give Defendants notice of the claims, the Court finds the complaint fails to give Defendants fair notice of any claims relating to the Plaintiffs [sic] regular rate pay. The complaint fails to allege

---

9. Further in their motion, Plaintiffs actually acknowledge they do receive overtime compensation for the 12 hours but allege it is illegally docked an amount equal to the regular rate. (Plaintiffs' Motion at 2–3). While Plaintiffs plead this claim inconsistently, the Court will treat it as a claim for overtime compensation. (footnote in original).

any facts relating to the use of "add-ins" in the calculation of the regular rate or the eight hours of regular pay owed in a 364 day period. Since Plaintiffs did not plead these claims in their complaint, the Court will not consider them....

## B. Present Suit

On February 5, 2001, the same plaintiffs filed the present suit in the 94th District Court in Nueces County, Texas.[10] In their petition, appellants allege that the City (1) owes them compensation for eight hours more per year than they receive under the Agreement, (2) owes them compensation for sixty hours per year pursuant to the maximum hours allowed under section 142.0015(b) of the local government code, (3) "illegally docks" them for straight time, and (4) has not properly credited appellants' personal leave, vacation leave, and sick leave accounts. Appellants' "statement of issues"[11] also identifies issues that appellants intend to raise: (1) the City does not include all "add-ins" in calculating the regular rate, including education pay; (2) the City does not include all "add-ins" in calculating the regular rate for compensation time purposes; (3) the City owes them compensation for eight more hours than they receive under the Agreement; (4) the City improperly docks overtime at a regular rate, resulting in under-compensation to employees not missing a work day for a year; the City owes them overtime under section 142.0015(b) of the local government code; (5) the City does not pay "drag-up" pay to retiring firefighters; (6) appellant Polanco was "shorted" ten hours of vacation time and ten hours of sick leave time when the City converted to a new computer system in 1999; and (7) the City has failed to properly maintain wage and hour records as required by the FLSA.

On December 11, 2002, the City filed a motion for summary judgment, contending that appellants' claims are barred under the principles of res judicata and collateral estoppel, based on the judgment rendered in federal court on November 29, 2000. In its motion, the City contends that appellants' claims in the present suit are barred because the claims (1) are identical to those previously alleged by appellants in federal court, or (2) could have been raised in the federal suit because they arise out of the same facts. As evidence, the City attached (1) appellants' original state court petition (cause no. 00–363–H); (2) the final judgment granted in federal court; (3) the Fifth Circuit judgment affirming the federal court judgment; (4) the federal court order granting the City's motion for summary judgment and denying the appellants' motion for summary judgment; (5) the affidavit of Peter Merkl, Assistant City Attorney for the City, with copies of (a) the City's answer in the federal court suit, (b) the City's motion for summary judgment in the federal court suit, (c) appellants' motion for summary judgment in the federal court suit, and (d) the Fifth Circuit decision affirming the federal court judgment that the City has not violated the FLSA or the Texas Local Government Code; and (6) the affidavit of Alberto J. Peña, counsel for the City, with attached copies of (a) appellants' original petition in

10. Trial court cause number 01–646–C, styled *Mary Collins, Thomas Murphy, Robert Polanco, Mary Wagner, John Campbell, and Weldon Walker v. City of Corpus Christi.*

11. Appellants' "Statement of the Issues" is attached to the affidavit of the City's trial counsel and is included in the City's summary judgment evidence. The affidavit notes that the parties agreed, pursuant to a Rule 11 agreement, to exchange statements of issues in lieu of contention interrogatories.

the present case and (b) appellants' statement of the issues in the present case.

On February 20, 2003, appellants filed their response to the City's motion for summary judgment. In their response, appellants argue that the City's res judicata and collateral estoppel arguments were aimed solely at the issue of whether the Agreement supercedes the provisions of the local government code. Although appellants generally asserted that "[n]one of the issues set out in [appellants'] Statement of Issues have been previously litigated in any forum," they did not specifically address any of the elements of the City's asserted defenses of res judicata or collateral estoppel. Following a hearing, the trial court granted partial summary judgment in the City's favor on March 6, 2003, based on res judicata, on all issues except appellants' claim that not all "add-ins" are considered in the calculation of the regular rate of pay.[12]

On April 17, 2003, the City filed a second motion for summary judgment, in which it argued that appellants' "regular rate of pay" claims are also barred by res judicata and collateral estoppel because those claims could have been raised in the prior federal suit. As evidence, the City attached the same evidence that it attached to its first motion, plus the following: (1) a supplemental affidavit of Peter Merkl, describing letters from appellants' counsel (dated February 20, 2000 and April 10, 2000) outlining issues raised in the federal lawsuit, including claims that the City does not include "add-ins" in calculating the overtime rate; (2) the two letters from appellants' counsel submitted in the federal suit; (3) the scheduling order in the federal suit; (4) a general order dated April 11, 2000 in the federal suit; (5) a

copy of appellants' first amended complaint and request for declaratory judgment in the federal suit, dated November 17, 2000 (which includes a claim that the City does not include all "add-ins" in calculating the regular rate); and (6) a copy of the order striking appellants' amended complaint in the federal suit because the deadline for filing amended pleadings expired June 30, 2000.

On May 13, 2003, appellants filed a response to the City's second motion for summary judgment. Attached to appellants' response is the affidavit of their counsel, Kim Cox. In the affidavit, Ms. Cox states that appellants were unable to verify facts regarding the City's failure to include certain "add-ins" in calculating the regular rate until after the deadline for amending pleadings in the federal suit. Appellants' response argues that the "sole issue left in this case is what amounts should be added into the calculation of overtime pay," and that res judicata and collateral estoppel do not apply because the issue was not dealt with in the prior federal case.

On May 20, 2003, the City filed a reply to appellants' response, in which it argued that even though appellants' "add-ins" claims were not addressed in the federal lawsuit, they were nonetheless barred because res judicata bars all claims that were or *could have been* raised in a prior lawsuit. The City further argued that under the "transactional test" for determining whether two complaints involve the same cause of action (for purposes of res judicata), the appellants' "add-ins" claims are grounded in the same operative facts—the City's allegedly improper payroll practices and method of calculating overtime—as

12. As noted, the federal court order did not consider appellants' claims regarding the use of "add-ins" in the calculation of the regular

pay rate because appellants' complaint failed to allege any facts regarding this claim.

the claims asserted in the prior federal lawsuit. On May 29, 2003, the trial court issued an order granting the City's second motion for summary judgment and ordering that appellants take nothing. This appeal ensued.

## II. Standard of Review

In their second issue, appellants contend the trial court erred in granting summary judgment on the basis of res judicata. Summary judgment for a defendant is proper when the summary judgment evidence negates an essential element of the plaintiff's cause of action as a matter of law or establishes all the elements of an affirmative defense as a matter of law.[13] When reviewing a summary judgment, we take as true all evidence favorable to the non-movant and indulge every reasonable inference in the non-movant's favor.[14] When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was rendered,[15] an appellant must negate all grounds on appeal.[16] If the appellant fails to negate each ground on which the judgment may have been rendered, we must uphold the summary judgment.[17]

Summary judgment is proper in a case barred by res judicata.[18] To obtain that relief, the City, as movant, had to establish all elements of the affirmative defense of res judicata as a matter of law.[19]

Any issue which the non-movant claims would justify denying summary judgment must be included in the response.[20] An appellate court cannot reverse a summary judgment based on an issue not presented to the trial court.[21]

## III. Applicable Law

Where, as here, the original judgment was entered in a federal proceeding, federal law controls whether the principles of res judicata will bar a later state court proceeding.[22] Res judicata bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.[23] Under federal law, four elements are necessary to establish res judicata, or claim preclusion: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same

13. *See Am.Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979)).

14. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex.1985).

15. Here, the trial court's March 6, 2003 order granting partial summary judgment stated it was granted on the basis of res judicata. The trial court's May 29, 2003 order granting final judgment did not state the basis on which it was granted.

16. *State Farm Fire & Cas. Co. v. S. S.*, 858 S.W.2d 374, 381 (Tex.1993).

17. *Id.*

18. *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 131 (Tex.App.-Corpus Christi 2001, no pet.).

19. *See Grinnell*, 951 S.W.2d at 425.

20. *Stewart v. Tex. Lottery Comm'n*, 975 S.W.2d 732, 735 (Tex.App.-Corpus Christi 1998, no pet.).

21. *Id.*

22. *Geary v. Tex. Commerce Bank*, 967 S.W.2d 836, 837 (Tex.1998).

23. *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir.1999).

claim or cause of action was involved in both actions.[24]

Under res judicata as applied by federal courts, a final judgment on the merits is transactional in nature and thus precludes parties from relitigating issues that were or could have been decided in the prior action.[25] Thus, the critical issue is whether the two actions under consideration are based on the same nucleus of operative facts.[26] In this inquiry, we look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies.[27]

## IV. Analysis

The City argues that in appellants' response to the City's first summary judgment motion, they failed to raise any issue concerning the "transactional test" for determining whether their federal suit and the present suit involved the same cause of action, and by failing to do so, waived this issue with regard to all of their asserted causes of action except the "regular rate of pay" issue.

Although appellants argue in their brief that "this entire appeal comes down to whether the issues being raised in the present case arose out of the same 'nucleus of operative facts' as the issues that were raised in the prior federal court case," they did not raise this issue in their response to the City's first summary judgment. In its first motion for summary judgment, the City specifically argued that the present suit is based on the "same nucleus of operative facts" as the prior federal suit. In their response, appellants only generally asserted that "[n]one of these issues were involved in the previous litigation in federal court," but did not raise an issue regarding the "transactional test" for determining whether the causes of action were the same for res judicata purposes.[28]

It is unnecessary, however, for us to address the City's waiver argument because we conclude that the City's summary judgment evidence established all of the elements of its affirmative defense of res judicata.[29] Appellants do not generally dispute that (1) the parties in the present suit are identical to the parties in the prior federal litigation and (2) that the judgment issued by the federal court was rendered by a court of competent jurisdiction.[30] They do, however, dispute that the federal court rendered a final judgment on the merits of their claims and that the same claims or causes of action were involved in both actions.[31] The federal court judgment specifically stated that it did not consider appellants' "regular rate of pay" claims; the federal court did, however, reach a final judgment on the merits as to

---

24. *Id.*

25. *Ellis v. Amex Life Ins. Co.,* 211 F.3d 935, 938 (5th Cir.2000); *Farias v. Bexar County Bd. of Trustees,* 856 S.W.2d 218, 223 (Tex. App.-San Antonio 1993, writ denied).

26. *Ellis,* 211 F.3d at 938; *Southmark Props. v. Charles House Corp.,* 742 F.2d 862, 870–71 (5th Cir.1984).

27. *Eubanks v. Fed. Deposit Ins. Corp.,* 977 F.2d 166, 171 (5th Cir.1992).

28. *See Stewart,* 975 S.W.2d at 735 ("An appellate court cannot reverse a summary judgment based on an issue not presented to the

trial court."); *see also Vela v. City of McAllen,* 894 S.W.2d 836, 838 (Tex.App.-Corpus Christi 1995, no writ) ("Issues not expressly presented to the trial court may not be considered on appeal as grounds for reversal of a summary judgment.").

29. *See* Tex.R.App. P. 47.1; *Grinnell,* 951 S.W.2d at 425; *In re Southmark,* 163 F.3d at 934.

30. *In re Southmark,* 163 F.3d at 934.

31. *See id.*

appellants' remaining claims.[32] We also conclude that the remainder of appellants' claims in the present case all involve the "same nucleus of operative facts" as the claims asserted in the prior federal litigation.[33] All of appellants' claims (unpaid compensation for more hours worked than paid under the Agreement, unpaid overtime under the local government code, illegal "docking," and uncredited leave) involve the City's methodology and practices concerning determining appellants' hours worked, straight time pay, overtime pay, and overtime hours. Accordingly, we hold that the trial court did not err in granting the City's first motion for summary judgment on the basis of res judicata.

■■■ In its second motion for summary judgment, the City argued that appellants' "regular rate of pay" claims were also barred by res judicata. As noted above, although the federal court struck their pleadings as untimely, appellants actually raised claims that the City failed to include all "add-ins" in calculating the regular rate of pay in their First Amended Complaint in the federal litigation. Under res judicata as applied by federal courts, a final judgment on the merits is transactional in nature and thus precludes parties from relitigating issues that were *or could have*

*been decided* in the prior action.[34] The Fifth Circuit has held that "theories which were the subject of an untimely motion to amend, filed in the earlier action, 'could have been brought' [in the earlier action]."[35] Here, appellants' claims concerning the City's alleged failure to include all "add-ins" in calculating the regular rate of pay "could have been brought" in the earlier federal suit because the claims were the subject of an untimely motion to amend.[36] Therefore, we conclude that the trial court did not err in granting the City's second motion for summary judgment on the basis of res judicata.

We overrule appellants' second issue. Because we conclude that the trial court properly granted summary judgment in favor of the City on the basis of res judicata, we need not address appellants' first issue.[37]

The trial court's final judgment granting judgment in favor of the City is AFFIRMED.

---

**32.** *See id.*

**33.** *See id.*

**34.** *Ellis*, 211 F.3d at 938 (emphasis added).

**35.** *Nilsen v. Moss Point*, 701 F.2d 556, 563 (5th Cir.1983).

**36.** *See id.*

**37.** *See* Tex.R.App. P. 47.1.