NUMBER 13-03-00559-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

LARRY YOUNG, ET AL.,                                                                Appellants,

 

                                                             v.

 

CITY OF CORPUS CHRISTI,                                                             Appellee.

 

     On appeal from the 94th District Court of Nueces County,
Texas.

 

                       MEMORANDUM OPINION

 

                Before Justices Hinojosa, Yañez,
and Castillo

                         Memorandum
Opinion by Justice Hinojosa

 

This is an appeal from the trial court=s order granting the motion for summary
judgment of appellee, City of Corpus Christi. 
In a single issue, appellants, 243 police officers currently or formerly
employed by the City of Corpus  Christi,
contend the trial court erred in concluding that their claims are barred by res
judicata and/or collateral estoppel.  We
affirm in part and reverse and remand in part.








                                                             A.  Background

On November 5, 1999, twenty-one of these 243
police officers[1]
(AOriginal Plaintiffs@) filed suit against the City in the 117th
District Court of Nueces County.  On
December 15, 1999, the City removed that case to the United States District
Court for the Southern District of Texas, Corpus Christi Division, and the case
was docketed as Civil Action No. C-99-536.

                                                        1.  The Prior Federal Suit

In their petition, the Original Plaintiffs
claimed that the City had required them to work more hours during a calendar
week than the majority of other municipal employees and had failed to
compensate them for hours worked in excess of 40 hours per week at the rate of
not less than one and one-half of the employee=s regular rate of pay.  The Original Plaintiffs further claimed that
the City had violated (1) the Fair Labor Standards Act (FLSA),[2]
(2) the Texas Local Government Code,[3]
and (3) the collective bargaining agreements that the City had negotiated with
the Corpus Christi Police Officers Association. 
The Original Plaintiffs asserted that in addition to typically working
ten-hour shifts, four days per week, prior to the start of each and every shift
they were required to attend a fifteen-minute briefing period, for which they
received neither regular nor overtime compensation.








The Original Plaintiffs later filed an
amended complaint, asserting that the City had failed to properly credit
employees= sick leave and personal leave
accounts.  The federal district court,
however, struck the amended complaint because it was untimely filed, and the
Original Plaintiffs had not requested leave to file the complaint after the
court=s deadline for amended pleadings had
expired.

Both the City and the Original Plaintiffs
moved for summary judgment.  In their
motion, in addition to asserting that the City had failed to compensate them
for hours worked in excess of forty hours per week (pre-shift briefing
periods), the Original Plaintiffs claimed that (1) the City had failed to
properly calculate their regular rate of pay for the purpose of overtime
compensation and comp-time remuneration by not incorporating certain Aadd-ins,@[4] (2) officers were not being afforded the
proper number of vacation and sick hours, and (3) the City had failed to
properly credit vacation and sick time. 
However, because these additional claims were not raised in the Original
Plaintiffs= complaint, the federal district court found
that they were raised for the first time in the motion for summary judgment and
did not consider them.








The district court analyzed the officers= compensation for the pre-shift briefing
periods under the FLSA, the Texas Local Government Code, and each collective
bargaining agreement, and concluded that (1) Aunder the terms of the collective bargaining
agreements, plaintiffs are paid on a salary basis for the defined >workweek,=@ and Athe evidence shows that plaintiffs do
receive regular compensation for the briefing period because the defined >workweek= encompasses the 15 minute briefing period;@ (2) the City meets the requirements for a
section 207(k)[5]
exemption for a seven-day work period and, therefore, is not required to pay
overtime until the law enforcement employee has worked more than 43 hours; (3)
the collective bargaining agreements prevail over section 142.0015 of the Texas
Local Government Code for purposes of establishing the maximum regular pay
workweek; and (4) the collective bargaining agreements define a regular
workweek as 41.25 hours and incorporate the pre-shift briefing period as part
of the regular hours of a workweek. 
Accordingly, the federal district court granted the City=s motion for summary judgment on the issue
of compensation for pre-shift briefing periods only.

The Original Plaintiffs appealed the federal
district court=s decision to the U.S. Court of Appeals for
the Fifth Circuit.  However, the Original
Plaintiffs later voluntarily dismissed the appeal before the court decided the
case.

                                                 2.  The Current Suit

In February 2001, the twenty-one Original
Plaintiffs filed the underlying suit in the 94th District Court of Nueces
County.  The Original Plaintiffs were
subsequently joined by an additional 222 police officers for a total of 243 plaintiffs.








In the underlying suit, appellants asserted
that (1) the City had failed to include all Aadd-ins@ when calculating an officer=s regular rate of pay for the purpose of
determining proper overtime compensation and comp-time rates of remuneration;
(2) officers were not compensated for hours worked in excess of 40 hours per
week, in violation of the FLSA, the Texas Local Government Code, and the
collective bargaining agreements; (3) the City improperly maintained a policy
that overtime worked of fifteen minutes or less was not compensated; (4)
officers were not afforded the proper number of vacation and sick hours; (5)
sick leave and vacation time were not being properly credited; (6) retirement Adrag-up@ pay was not being properly credited; (7)
there were math errors in the calculation of salary and benefits; (8) there
were record keeping violations in the records of wages and hours; and (9) the
City had failed to properly compensate officers for, among other things, (a)
time they were required to stand by, (b) time engaged in various training
classes, (c) time driving a car on City business, (d) time spent servicing and
maintaining police vehicles, (e) time spent organizing, operating, and
administering a community-policing-related Little League baseball program, (f)
the care and maintenance of police dogs by those officers to whom they were
assigned, and (g) various law enforcement functions performed Aoff the clock.@

On March 17, 2003, the trial court granted
partial summary judgment in favor of the City, concluding that all of
appellants= claims, except those for breach of contract
involving the interpretation of the terms Aregular rate of pay,@ were barred by res judicata.  The City then filed a second motion for
summary judgment asserting that the remaining breach of contract claims were
also barred by res judicata.  On August 2,
2003, the trial court agreed that appellants= remaining breach of contract claims were
barred by res judicata and granted the City=s second motion for summary judgment.

In a single issue, appellants contend the
trial court erred in concluding that their claims are barred by res judicata
and/or collateral estoppel.

                                                     B.  Standard
of Review








We review the granting of a motion for summary
judgment de novo.  Natividad v. Alexsis,
Inc., 875 S.W.2d 695, 699 (Tex. 1994). 
A movant for summary judgment must show that (1) there is no genuine
issue of material fact, and (2) he is entitled to judgment as a matter of
law.  Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985).  When reviewing a summary
judgment, we take as true all evidence favorable to the non‑movant and
indulge every reasonable inference in the non‑movant's favor.  Id. at 549.

For summary judgment to be proper, the City,
as movant, was required to establish all elements of the affirmative defense of
res judicata as a matter of law.  See Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); see also Ford v. City State Bank of
Palacios, 44 S.W.3d 121, 131 (Tex. App.BCorpus Christi 2001, no pet.) (citing Barr
v. Resolution Trust Corp., 837 S.W.2d 627, 627‑28 (Tex. 1992))
(noting that summary judgment is proper in a case barred by res judicata).

                                                             C.  Res
Judicata

Because the prior judgment was issued by a
federal district court, federal law controls the determination of whether res
judicata bars a later state court proceeding. 
Meza v. Gen. Battery Corp., 908 F.2d 1262, 1265 (5th Cir. 1990); Eagle
Prop., Ltd. v. Scharbauer, 807 S.W.2d 714, 718 (Tex. 1990).  Four requirements must be met for res
judicata to apply:  (1) the parties must
be identical in both suits; (2) the prior judgment must have been rendered by a
court of competent jurisdiction; (3) there must be a final judgment on the
merits; and (4) the same cause of action must be involved in both cases.  Meza, 908 F.2d at 1265.








None of the parties in this case contend
that the federal district court was not a court of competent jurisdiction in
the prior lawsuit, nor do they contend that the court's summary judgment was
not a final judgment on the merits. 
Therefore, we will not address those elements.

However, appellants contend that (1) the
present claims are not the same cause of action as the prior federal suit, and,
in the alternative, (2) the trial court erred in granting summary judgment
against the 222 appellants who were not parties to the prior federal suit
because the parties are not identical.[6]

                                                            1.  Causes of Action

Under res judicata, as applied by the
federal courts, a final judgment on the merits is transactional in nature and,
thus, precludes parties from relitigating issues that were or could have been
decided in the prior action.  Ellis v.
Amex Life Ins. Co., 211 F.3d 935, 938 (5th Cir. 2000); Collins v. City
of Corpus Christi, No. 13‑03‑00428‑CV, 2006 Tex. App.
LEXIS 2379, at *22 (Tex. App.BCorpus Christi Mar. 30, 2006, no pet.
h.).  Thus, the critical issue is whether
the two actions under consideration are based on the same nucleus of operative
facts.  Ellis, 211 F.3d at 938; Southmark
Props. v. Charles House Corp., 742 F.2d 862, 870‑71 (5th Cir. 1984).  In this inquiry, we look to the factual
predicate of the claims asserted, not the legal theories upon which the
plaintiff relies.  Eubanks v. Fed.
Deposit Ins. Corp., 977 F.2d 166, 171 (5th Cir. 1992); Collins, 2006
Tex. App. LEXIS 2379, at *22.








All of the claims asserted by appellants in
the instant case, and all those asserted or attempted in the prior suit,
involve the City=s methodology and practices in determining
(1) the number of hours in a standard Aworkweek,@ (2) employees= regular rate of pay, (3) overtime hours and
pay, and (4) calculation and crediting of vacation and sick time.  See Collins, 2006 Tex. App. LEXIS
2379, at *26 (Athe Fifth Circuit has held that theories
which were the subject of an untimely motion to amend, filed in the earlier
action, could have been brought in the earlier action@) (quoting Nilsen v. Moss Point, 701
F.2d 556, 563 (5th Cir. 1983)).  We
conclude that appellants= claims in the present case involve the same
nucleus of operative facts as those asserted in the prior federal suit,[7]
see Collins, 2006 Tex. App. LEXIS 2379, at *25, and thus assert the same
causes of action for the purposes of res judicata.

                                                            2.  Identity of Parties

We next turn to whether the parties in both
suits are identical for purposes of res judicata.  It is undisputed that twenty-one of the
appellants in this case are the same twenty-one Original Plaintiffs in the
prior federal suit.  However, the
remaining 222 appellants were not named parties in the prior federal suit.








In general, it is a violation of due process
Ato bind litigants to a judgment rendered in
an earlier litigation to which they were not parties and in which they were not
adequately represented.@  Richards
v. Jefferson County, 517 U.S. 793, 794 (1996) (citing Hansberry v. Lee,
311 U.S. 32, 37 (1940)).  However, Afederal courts have nevertheless held that
in certain circumstances judgments can bind persons not party to the litigation
in question.@  Meza,
908 F.2d at 1266.  Traditionally this
preclusive effect extends to persons "in privity" with the parties to
the litigation.   See Southwest
Airlines Co. v. Tex. Int=l Airlines, Inc., 546 F.2d 84, 95 (5th Cir. 1977).  APrivity@ denotes a legal conclusion that Athe relationship between the one who is a
party on the record and the non‑party is sufficiently close to afford
application of the principle of preclusion,@ rather than itself being a judgmental
process or reason to include or exclude a person from the binding effect of a
prior judgment.  Id. (quoting
Vestal, Preclusion/Res Judicata Variables: Parties, 50 Iowa L. Rev. 27 (1964)).  Thus, Aprivity is merely another way of saying that
there is sufficient identity between parties to prior and subsequent suits for
res judicata to apply.@  Id.

For res judicata purposes, the federal
courts have determined that privity exists in just three narrowly‑defined
circumstances:  (1) where the non‑party
is the successor in interest to a party's interest in property, (2) where the
non‑party controlled the prior litigation, and (3) where the non‑party's
interests were adequately represented by a party to the original suit.  Meza, 908 F.2d at 1266; Southwest
Airlines, 546 F.2d at 95.  Here, the
remaining 222 appellants are not successors in interest to any property
interest of the twenty-one Original Plaintiffs; nor is there any evidence that
the twenty-one Original Plaintiffs controlled the prior litigation.  Therefore, privity only exists if we conclude
that the remaining 222 appellants= interests were adequately represented in
the prior federal suit by the twenty-one Original Plaintiffs.








The federal courts have identified several
circumstances under which a party may be considered bound as a result of
adequate representation:  (1) authorized
representation, where Aa non‑party is bound if he authorized
a party in the prior suit to represent his interests;@ (2) class or associational representation,
where a non-party is bound if he was represented as a member of a class or by
an association in the original litigation; and (3) virtual representation,
where Aa party to the original suit is >so closely aligned to the non‑party's
interests as to be his virtual representative.=" 
Meza, 908 F.2d at 1266-67 (quoting Aerojet‑Gen. Corp. v.
Askew, 511 F.2d 710, 719 (5th Cir.), appeal dismissed, 423 U.S. 908
(1975)); Southwest Airlines, 546 F.2d at 95.  ACourts have tended to treat authorized
representation, class representation, associational representation, and virtual
representation as synonymous with adequate representation for res judicata
purposes.@  Meza,
908 F.2d at 1267.

We first note that while the Original
Plaintiffs filed a motion in the prior federal case for class certification,
that motion was withdrawn and no class was ever certified.  Therefore, class representation is not available
to establish privity.

                                                     a.  Authorized Representation

Of the remaining appellants in the current
suit, 188 attempted to join the prior federal suit as party plaintiffs by
filing notices of consent under section 216(b) of the FLSA.[8]  See 26 U.S.C.S. ' 216(b) (2006).  However, the federal district court struck
the notices of consent, and those appellants were not joined as party
plaintiffs to the federal suit. 
Nonetheless, the City asserts that the written consents of these 188
appellants equate to authorized representation.








            Section 216(b) of the FLSA provides
that ANo employee shall be a party plaintiff to
any . . . action unless he gives his consent in writing to become such a party
and such consent is filed in the court in which such action is brought.@  26
U.S.C.S. ' 216(b) (2006).  Consequently, an individual who is not named
in a complaint is not a party, is not bound by the adjudication, and is not
barred from filing an individual claim, unless he affirmatively Aopts in@ by filing a written consent‑to‑join
with the court.  Kinney Shoe Corp. v.
Vorhes, 564 F.2d 859, 862 (9th Cir. 1977). 
Furthermore,Aone employee may not represent another
unless the represented employee has filed a written consent to become a party
plaintiff in the court in which the action is brought.@  La
Chapelle v. Owens‑Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975).

We agree with the City that the filing of a
consent form under the FLSA can create a situation of authorized
representation.  However, that is not the
situation here.  The City cites no legal
authority, and we have found none, showing that a consent form that was struck
by the trial court and not filed as part of the record can bind a
non-party.  Accordingly, we conclude
there was no authorized representation of the remaining appellants in the prior
suit.

                                                        b.  Virtual Representation

The City further asserts that privity exists
because the interests of the twenty-one Original Plaintiffs were so closely
aligned to the interests of the remaining 222 appellants that they constituted
virtual representatives.  The City argues
that the remaining 222 appellants (1) share the same interests as the Original
Plaintiffs in recovering additional straight time and overtime pay, and (2) are
represented by the same attorneys that represented the Original Plaintiffs.













However, Avirtual representation demands the existence
of an express or implied legal relationship in which parties to the first suit
are accountable to non‑parties who file a subsequent suit raising
identical issues.@  Pollard
v. Cockrell, 578 F.2d 1002, 1008 (5th Cir. 1978); see Freeman v. Lester
Coggins Trucking, Inc., 771 F.2d 860, 864 (5th Cir. 1985); Southwest
Airlines, 546 F.2d at 97 (reviewing relationships where virtual
representation has been found, including Aestate beneficiaries bound by
administrators, presidents and sole stockholders by their companies, parent
corporations by their subsidiaries, and a trust beneficiary by the trustee.@ (citations omitted)).  The underlying rationale for allowing virtual
representation is that the relationship between the parties is sufficiently
close that Athe nonparty has in effect had his day in
court.@  Freeman,
771 F.2d at 865 (quoting Hardy v. Johns‑Manville Sales Corp., 681
F.2d 334, 339 (5th Cir. 1982)).  ABecause res judicata denies a non‑party
his day in court, the due process clauses prevent preclusion when the
relationship between the party and nonparty becomes too attenuated.@  Southwest Airlines Co., 546 F.2d at 95
(citing Hansberry v. Lee, 311 U.S. 32 (1940)); see U.S. Const. amend. XIV, ' 1; Tex.
Const. art. I, ' 19. 
Although appellants may be co-workers with similar interests, that is
not enough to establish privity through virtual representation and deny the
remaining 222 appellants their Afull and fair opportunity to litigate an
issue.@  See
Hardy, 681 F.2d at 338.  APrivity is not established by the mere fact
that persons may happen to be interested in the same question or in proving the
same state of facts.@  Id.
at 340 (quoting Benson v. Wanda Petroleum Co., 468 S.W.2d 361, 363
(Tex.1971)); see Pollard, 578 F.2d at 1008 (rejecting virtual
representation between two groups where parties had identical interests in the
determination of an issue, were represented by the same attorneys, and
presented complaints that were identical on the relevant issue).  We conclude that there is insufficient
identity of parties for purposes of res judicata.

The sole issue of the twenty-one Original
Plaintiffs is overruled.  The sole issue
of the remaining 222 appellants is sustained.

We affirm the trial court=s order granting the City=s motion for summary judgment against Larry
Young, David Cook, Isaac Valencia, John Valentine, Rocky Vipond, Carlos Rios,
Julie Hernandez, Robert Diaz, Duane Pacheco, Charles Bartels, David Leal, Sam
Granato, Domingo Ibarra, Russell McNorton, Sr., Don Canchola, Albert Leal, Sr.,
Wayne Hodge, John Rodriguez, Arnulfo Garcia, Arnulfo Guerrero, Jr., and O.V.
Morales.  We reverse the trial court=s summary judgment order against the
remaining 222 appellants and remand the case to the trial court for further
proceedings.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed

this
the 18th day of May, 2006.











[1] The twenty-one appellants
who were parties in the prior federal suit are: 
Larry Young, David Cook, Isaac Valencia, John Valentine, Rocky Vipond,
Carlos Rios, Julie Hernandez, Robert Diaz, Duane Pacheco, Charles Bartels,
David Leal, Sam Granato, Domingo Ibarra, Russell McNorton, Sr., Don Canchola,
Albert Leal, Sr., Wayne Hodge, John Rodriguez, Arnulfo Garcia, Arnulfo
Guerrero, Jr., and O.V. Morales.





[2] See 29
U.S.C.S.  ' 207 (2006).





[3] See Tex.
Loc. Gov=t Code Ann. ' 142.0015 (Vernon 1999).





[4]
The Aadd-ins@ which the parties argue
were not incorporated in the regular rate include (1) shift-differential pay,
(2) restricted on-call compensation, (3) field training officer pay, (4)
education incentive pay, (5) clothing and equipment pay, (6) bomb squad pay,
(7) breathalyzer certification pay, (8) pistol pay, (9) dog handler pay, (10)
SWAT pay, (11) hostage negotiation team pay, and (12) dive team pay.





[5] 29 U.S.C.S. ' 207(k) (2006).





[6] The City asserts that the
issues raised by appellants are waived because they are being presented for the
first time on appeal.  We disagree.  Our review of the record shows that all
arguments herein addressed were presented to the trial court in the motion for
summary judgment of one or the other of the parties.  See City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979) (noting that an appellate
court cannot reverse a summary judgment based on an issue not presented to the
trial court).  Furthermore, a Anon‑movant needs no
answer or response to the motion to contend on appeal that the grounds
expressly presented to the trial court by the movant's motion are insufficient
as a matter of law to support summary judgment.@  Id.





[7]
The factual scenario
presented by this case is strikingly similar to that presented to another panel
of this Court in Collins v. City of Corpus Christi, No. 13‑03‑00428‑CV,
2006 Tex. App. LEXIS 2379, at *22 (Tex. App.BCorpus Christi Mar. 30, 2006, no pet. h.).  The Collins opinion reviewed concurrent
issues and arguments asserted by present or former members of the Fire
Department of the City of Corpus Christi. 
Id. at *2.  Our disposition
today is in accordance with this Court=s holding in that case.





[8]   The remaining thirty-four appellants did not
make any attempt to join the prior suit.