IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00157-CV

 

James Edwin Peeler,

                                                                                    Appellant

 v.

 

Baylor University,

                                                                                    Appellee

 

 

 



From the 170th District
Court

McLennan County, Texas

Trial Court No. 2004-0571-4

 



MEMORANDUM  Opinion



 








            James Edwin Peeler sued Baylor University for defamation.  In two issues, Peeler challenges the denial of his
motion to disqualify Baylor’s counsel and the granting of Baylor’s traditional
and no-evidence motions for summary judgment.  We affirm.  

FACTUAL BACKGROUND

            Peeler is a cameraman for
KWTX, a Waco television station.  On Sunday, February 28, 1993, the day of the
Branch Davidian raid by ATF agents on the Branch Davidian Compound just outside
of Waco, Peeler, who had been notified of the impending raid, was attempting to
locate the compound.  He became lost.  At some point, he encountered a
postman.  He and the postman, who was later identified as David Koresh’s
brother-in-law, had a brief conversation.[1] 
Peeler was subsequently accused of being the source of information which led to
the Branch Davidian’s knowledge of the impending raid.

            Ten years later, the Baylor
Lariat, a student newspaper, published two articles about the raid.  Both
articles referred to Peeler’s conversation with the postman and suggested that the
Davidians knew about the raid because of this conversation.  One article
mentioned Peeler by name.  These articles prompted Peeler’s lawsuit against
Baylor.

DISQUALIFICATION

In issue one, Peeler contends that the
trial court erred by denying his motion to disqualify Baylor’s counsel due to a
joint-defense agreement that
existed in prior litigation.  See Tex. R. Evid. 503(b)(1)(C).  We review a trial court’s
ruling on a motion to disqualify for abuse of discretion.  See Metro. Life
Ins. Co. v. Syntek Fin. Corp., 881 S.W.2d 319, 321 (Tex. 1994).  

Baylor’s
counsel in this litigation is an attorney with Fulbright Winniford.[2] 
Attorneys with this firm represented one of the defendants in federal litigation
related to the Branch Davidian raid.  According to the record, the defendants in
the federal litigation entered a joint-defense agreement.  Peeler’s employer,
KWTX, was one of the defendants in the litigation.  Because attorneys with Fulbright
Winniford participated in the joint-defense agreement, Peeler contends that there
is now a conflict of interest and the trial court should have disqualified attorneys
at Fulbright Winniford from representing Baylor in the current proceeding.  

A movant seeking to disqualify counsel
based on an assertion that due to a joint defense agreement privileged information was shared
in prior litigation and now creates a conflict of interest in present
litigation must show that: (1) confidential
information has been shared; and (2) the matter in which that information was
shared is substantially
related to the matter in which disqualification is sought.  In re Skiles,
102 S.W.3d 323, 327 (Tex. App.—Beaumont 2003, orig. proceeding).  “Global
assertions of privilege
do not constitute
evidence.”  Rio
Hondo Implement Co. v. Euresti,
903 S.W.2d 128, 132 (Tex. App.—Corpus Christi 1995, orig. proceeding).  “Some type of proof is necessary.” Int’l Trust Corp. v. Pirtle, No. 07-96-00277-CV, 1997 Tex. App. LEXIS 198, at
*33 (Tex. App.—Amarillo Jan. 17, 1997, orig. proceeding) (not designated
for publication).

Baylor presents numerous arguments
supporting its position that Peeler has not established a conflict of interest arising
out of the joint defense agreement.  The argument we find most compelling is
that Peeler cannot meet the first element of establishing a conflict.  At the
hearing on Peeler’s motion, Noley Bice, formerly of Fulbright Winniford,
testified that he never received any confidential information protected by the
joint defense privilege from KWTX’s attorney, or otherwise, regarding Peeler’s
role in the raid.  Rick Bradfield of KWTX provided an affidavit expressing his
awareness of the joint defense agreement, but did not identify any specific
confidential information that was shared.

Accordingly, Peeler has not established that
confidential information was shared.  See Euresti, 903 S.W.2d at 132 (Affidavit failed to “reveal with any
specificity the confidences [Kelly] claims were revealed to her
co-defendants.”).  Because Peeler
has not met his burden of establishing that Baylor’s counsel had access to any
confidential information to which the joint defense privilege applies, the
trial court did not abuse its discretion by denying his motion to disqualify
Baylor’s counsel.  We deny issue one.

SUMMARY JUDGMENT

In issue two,
Peeler challenges the trial court’s decision to grant Baylor’s traditional and
no-evidence motions for summary judgment.

When there are multiple grounds for summary judgment and
the order does not specify the ground on which the summary judgment was rendered, an
appellant must negate
all grounds on appeal.  Collins
v. City of Corpus Christi,
188 S.W.3d 415, 423 (Tex. App.—Corpus Christi 2006, no pet.) (citing State Farm Fire & Cas. Co. v.
S. S., 858
S.W.2d 374, 381 (Tex. 1993)).  If the appellant fails to negate each
ground on which the judgment may have been rendered, we must uphold the summary
judgment.  Id.

In its no-evidence motion, Baylor argued
that there was no evidence of damages, falsity, malice, or pecuniary harm, and
in its traditional motion challenged Peeler’s ability to establish defamation,
and asserted the substantial truth defense, wire service defense, and
collateral estoppel.  Peeler does not challenge that Baylor proved its wire
service and collateral estoppel defenses.  The trial court’s order does not
indicate on which grounds summary judgment was granted.  Because Peeler failed
to challenge each ground on which the trial court may have rendered judgment,
we overrule issue two.

The trial court’s judgment is affirmed.

 

 

Stephen Ellis

Judge

Before Chief
Justice Gray,

Justice
Reyna, and

Judge
Ellis[3]

Affirmed 

Opinion
delivered and filed September 16, 2009

[CV06]









[1]               David Koresh was the
leader of the Branch Davidians.

 





[2]               In 1993, the firm was
known as Fulbright Winniford Bice & Marable.





[3]
              The Honorable Stephen Ellis, Judge of the 35th District Court, sitting by assignment of the Chief Justice
of the Supreme Court of Texas pursuant to section 74.003(a) of the Government
Code.  See Tex. Gov’t Code Ann.
§ 74.003(a) (Vernon 2005).