

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00157-CV

JAMES EDWIN PEELER,

Appellant

v.

BAYLOR UNIVERSITY,

Appellee

From the 170th District Court
McLennan County, Texas
Trial Court No. 2004-0571-4

## MEMORANDUM OPINION

James Edwin Peeler sued Baylor University for defamation. In two issues, Peeler challenges the denial of his motion to disqualify Baylor's counsel and the granting of Baylor's traditional and no-evidence motions for summary judgment. We affirm.

### FACTUAL BACKGROUND

Peeler is a cameraman for KWTX, a Waco television station. On Sunday, February 28, 1993, the day of the Branch Davidian raid by ATF agents on the Branch Davidian Compound just outside of Waco, Peeler, who had been notified of the

impending raid, was attempting to locate the compound. He became lost. At some point, he encountered a postman. He and the postman, who was later identified as David Koresh's brother-in-law, had a brief conversation.[1] Peeler was subsequently accused of being the source of information which led to the Branch Davidian's knowledge of the impending raid.

Ten years later, the *Baylor Lariat*, a student newspaper, published two articles about the raid. Both articles referred to Peeler's conversation with the postman and suggested that the Davidians knew about the raid because of this conversation. One article mentioned Peeler by name. These articles prompted Peeler's lawsuit against Baylor.

## DISQUALIFICATION

In issue one, Peeler contends that the trial court erred by denying his motion to disqualify Baylor's counsel due to a joint-defense agreement that existed in prior litigation. *See* TEX. R. EVID. 503(b)(1)(C). We review a trial court's ruling on a motion to disqualify for abuse of discretion. *See Metro. Life Ins. Co. v. Syntek Fin. Corp.*, 881 S.W.2d 319, 321 (Tex. 1994).

Baylor's counsel in this litigation is an attorney with Fulbright Winniford.[2] Attorneys with this firm represented one of the defendants in federal litigation related to the Branch Davidian raid. According to the record, the defendants in the federal litigation entered a joint-defense agreement. Peeler's employer, KWTX, was one of the

---

[1] David Koresh was the leader of the Branch Davidians.

[2] In 1993, the firm was known as Fulbright Winniford Bice & Marable.

defendants in the litigation. Because attorneys with Fulbright Winniford participated in the joint-defense agreement, Peeler contends that there is now a conflict of interest and the trial court should have disqualified attorneys at Fulbright Winniford from representing Baylor in the current proceeding.

A movant seeking to disqualify counsel based on an assertion that due to a joint defense agreement privileged information was shared in prior litigation and now creates a conflict of interest in present litigation must show that: (1) confidential information has been shared; and (2) the matter in which that information was shared is substantially related to the matter in which disqualification is sought. *In re Skiles*, 102 S.W.3d 323, 327 (Tex. App.—Beaumont 2003, orig. proceeding). "Global assertions of privilege do not constitute evidence." *Rio Hondo Implement Co. v. Euresti*, 903 S.W.2d 128, 132 (Tex. App.—Corpus Christi 1995, orig. proceeding). "Some type of proof is necessary." *Int'l Trust Corp. v. Pirtle*, No. 07-96-00277-CV, 1997 Tex. App. LEXIS 198, at *33 (Tex. App.—Amarillo Jan. 17, 1997, orig. proceeding) (not designated for publication).

Baylor presents numerous arguments supporting its position that Peeler has not established a conflict of interest arising out of the joint defense agreement. The argument we find most compelling is that Peeler cannot meet the first element of establishing a conflict. At the hearing on Peeler's motion, Noley Bice, formerly of Fulbright Winniford, testified that he never received any confidential information protected by the joint defense privilege from KWTX's attorney, or otherwise, regarding Peeler's role in the raid. Rick Bradfield of KWTX provided an affidavit expressing his

awareness of the joint defense agreement, but did not identify any specific confidential information that was shared.

Accordingly, Peeler has not established that confidential information was shared. *See Euresti*, 903 S.W.2d at 132 (Affidavit failed to "reveal with any specificity the confidences [Kelly] claims were revealed to her co-defendants."). Because Peeler has not met his burden of establishing that Baylor's counsel had access to any confidential information to which the joint defense privilege applies, the trial court did not abuse its discretion by denying his motion to disqualify Baylor's counsel. We deny issue one.

## SUMMARY JUDGMENT

In issue two, Peeler challenges the trial court's decision to grant Baylor's traditional and no-evidence motions for summary judgment.

When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was rendered, an appellant must negate all grounds on appeal. *Collins v. City of Corpus Christi*, 188 S.W.3d 415, 423 (Tex. App.—Corpus Christi 2006, no pet.) (citing *State Farm Fire & Cas. Co. v. S. S.*, 858 S.W.2d 374, 381 (Tex. 1993)). If the appellant fails to negate each ground on which the judgment may have been rendered, we must uphold the summary judgment. *Id*.

In its no-evidence motion, Baylor argued that there was no evidence of damages, falsity, malice, or pecuniary harm, and in its traditional motion challenged Peeler's ability to establish defamation, and asserted the substantial truth defense, wire service defense, and collateral estoppel. Peeler does not challenge that Baylor proved its wire service and collateral estoppel defenses. The trial court's order does not indicate on

which grounds summary judgment was granted.  Because Peeler failed to challenge each ground on which the trial court may have rendered judgment, we overrule issue two.

The trial court's judgment is affirmed.

                                                          STEPHEN ELLIS
                                                          Judge

*Before Chief Justice Gray,*
*        Justice Reyna, and*
*        Judge Ellis*[3]
Affirmed
Opinion delivered and filed September 16, 2009
[CV06]

---

[3]      The Honorable Stephen Ellis, Judge of the 35th District Court, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(a) of the Government Code.  *See* TEX. GOV'T CODE ANN. § 74.003(a) (Vernon 2005).