

IN THE
TENTH COURT OF APPEALS

No. 10-08-00320-CV

RUBEN NAVARRO,

                                                    Appellant

v.

CITY OF WACO, TEXAS,

                                                    Appellee

From the 170th District Court
McLennan County, Texas
Trial Court No. 2007-2058-4

MEMORANDUM OPINION

Ruben Navarro, a Waco police officer, sued the City of Waco asserting claims under Chapter 21 of the Texas Labor Code for race and sex discrimination and for retaliation. The City filed a hybrid traditional and no-evidence motion for summary judgment. Navarro appeals, asserting three issues. We will affirm.

Navarro's first issue asserts that the trial court erred in granting the City's motion for summary judgment. The City's traditional motion sought summary judgment on five grounds, two of which asserted that Navarro's claims were time-

barred because they were not brought within 180 days and two years, respectively. The

City's no-evidence motion sought summary judgment on eight grounds. The trial court

granted the hybrid motion without specifying the grounds.

In his brief on his first issue, Navarro only argues that his claims were not time-

barred. He fails to brief or argue any of the many other grounds in the City's motion.

> When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was rendered, an appellant must negate all grounds on appeal. *Collins v. City of Corpus Christi*, 188 S.W.3d 415, 423 (Tex. App.—Corpus Christi 2006, no pet.) (citing *State Farm Fire & Cas. Co. v. S. S.*, 858 S.W.2d 374, 381 (Tex. 1993)). If the appellant fails to negate each ground on which the judgment may have been rendered, we must uphold the summary judgment. *Id.*

*Peeler v. Baylor Univ.,* No. 10-08-00157-CV, 2010 WL 2964375, at *2 (Tex. App.—Waco

Sept. 16, 2009, no pet.) (mem. op.).

Because Navarro failed to challenge each ground on which the trial court may

have rendered judgment, we overrule issue one and affirm the summary judgment. We

need not address Navarro's other two issues. TEX. R. APP. P. 47.1.


REX D. DAVIS
Justice


Before Chief Justice Gray,
         Justice Davis, and
         Judge Oakes Evans[1]
Affirmed
Opinion delivered and filed November 3, 2010
[CV06]

---

[1]      The Honorable Deborah Oakes Evans, Judge of the 87th District Court, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(a) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(a) (Vernon 2005).