

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00145-CV

**KEN HALVERSON
AND KEN-DO CONTRACTING, L.P.,**

                                                    **Appellants**

 **v.**

**THE CITY OF WAXAHACHIE,
THE CITY OF MIDLOTHIAN, AND
THE MIDLOTHAN-WAXAHACHIE AIRPORT BOARD,**

                                                    **Appellees**

From the County Court at Law
Ellis County, Texas
Trial Court No. 07-C-3025

## MEMORANDUM  OPINION

Appellants Ken Halverson and Ken-Do Contracting, L.P. sued Appellees, the City of Waxahachie, the City of Midlothian, and the Midlothian-Waxahachie Airport Board, seeking a declaratory judgment and injunctive relief.  Appellants asserted that Appellees had violated applicable competitive bidding statutes relating to the construction of airport hangars.  The construction project was completed without

Appellants having obtained an injunction.

The trial court ultimately granted the Appellees' plea to the jurisdiction and motion to dismiss, concluding that Appellants' claims were moot and that exceptions to the mootness doctrine (the capable-of-repetition-yet-evading-review exception and the public-interest exception) did not apply. The trial court also granted the plea to the jurisdiction on sovereign immunity.

In two issues, Appellants assert that the trial court erred in finding the controversy moot because the two exceptions apply. Appellants have not challenged the trial court's grant of the plea to the jurisdiction based on sovereign immunity, which is an independent ground for affirming the trial court's judgment. *Cf. Collins v. City of Corpus Christi*, 188 S.W.3d 415, 423 (Tex. App.—Corpus Christi 2006, no pet.) ("If the appellant fails to negate each ground on which the judgment may have been rendered, we must uphold the summary judgment."); *cf. also Peeler v. Baylor Univ.*, No. 10-08-00157-CV, 2010 WL 2964375, at *2 (Tex. App.—Waco Sept. 16, 2009, no pet.) (mem. op.).

Because Appellants have failed to challenge each ground on which the trial court rendered judgment, we overrule both issues and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 3, 2011
[CV06]